## Rockwall County v. Roberts County et al.

### No. 2049.    Decided May 25, 1910.

**1.—County Bonds—Limitation of Indebtedness—Constitution—Assessment.**

The constitutional limitation of the indebtedness which a county is authorized to contract (Const. art. 8, sec. 9) measured by reference to the assessed value of property therein, does not render illegal, in a newly organized county, the creation of all indebtedness until there shall be an assessment of its property by the officers of such new county after its organization. Its power to issue bonds for building a court house and jail may be based on and measured by the last existing assessment made by the assessor and approved by the Commissioners' Court of the organized county to which it was attached. (P. 408.)

**2.—Same—Excessive Issue of Bonds—Practice on Appeal.**

Where there has been an issue of bonds, all made at the same time, in

excess of the indebtedness, a county was empowered to contract, the debt, to the extent to which it is held valid, should be distributed equally between the bonds. And where the whole issue was erroneously held void, the Appellate Court may render judgment on bonds sued on for such proportion of the debt as was valid under agreed facts.   (P. 409.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Roberts County.

Rockwall County sued Roberts County and defendant had judgment. Plaintiff obtained writ of error upon the affirmance of such judgment on its appeal.

*T. B. Ridgell,* for plaintiff in error.—Roberts County having no courthouse and jail had authority to issue bonds for the erection of same without waiting for the tax rolls to be approved to determine the amount of bonds that could be issued, and the issue so made could be based upon the assessed values of 1889, and the bonds so issued would be valid and binding to the amount, as appears, that a tax of one-fourth of one percent levied would discharge in ten years.

Where bonds are issued by a county and there is no approved assessment for the year they are issued, then the Commissioners' Court may look to the preceding year and the taxable values then shown upon which to base a levy; and in this case, it appearing that in 1888 Roberts County was attached to Wheeler County for judicial purposes and there was a known assessment showing the taxable values of Roberts County for 1888, the Commissioners' Court of Roberts County could base same upon the values of 1888, notwithstanding Roberts County at that time was an unorganized county.   Citizens Bank v. City of Terrell, 78 Texas, 450; Nolan County v. State, 83 Texas, 197.

*Baker, Willis & Willis* and *Allen, Hart & Patterson,* for defendants in error.—The court below committed no error in holding that when the bonds sued on were issued by the officials of Roberts County, and at the time they were purchased by Rockwall County no assessment of the property in Roberts County for tax purposes for year 1889 having been made as required by law, the bonds were invalid and created no liability against Roberts County.   Nolan County v. State, 85 Texas, 198; Citizens Bank v. Terrell, 78 Texas, 450; Coler v. Cleburn, 131 U. S., 162; Anthony v. County of Jasper, 101 U. S., 693; Dixon County v. Field, 111 U. S., 86.

There was no error in the conclusion of the court below that the assessed values of Roberts County for the year 1888, when Roberts County was unorganized and attached to Wheeler County, the assessment for that year having been made by Wheeler County authorities and for the use and benefit of Wheeler County, could form no basis for the issuance of courthouse and jail bonds for Roberts County after the organization of the county.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This action was brought by Rockwall County against Roberts

County to recover upon the seven last in number of a series of fifty bonds each for $1,000 and six percent interest.

The facts in reference to the issue of the bonds are as follows: Until December 30, 1888, Roberts County was unorganized and was attached to Wheeler County for judicial purposes. On that day an election was held and it was determined that the county should organize and officers were elected. Miami was elected as the county site. The Commissioners' Court of the county advertised for bids for the building of a courthouse and jail for the county. On the 14th day of May, 1889, the Commissioners' Court contracted with Casserly & Kelly to build a courthouse and jail and agreed to give them for such construction fifty bonds for $1,000 each, payable at the end of fifteen years and redeemable at the pleasure of the county, and to bear six percent interest. The taxable values of Roberts County as assessed by Wheeler County was $41,493. At the time of the issue of these bonds Roberts County had no courthouse nor jail. The trial court and the Court of Civil Appeals held that there could be no recovery upon the bonds.

In this we think there was error. The courts proceeded upon the idea that unless the valuation was assessed in the county which is sought to be taxed by the issue of the bonds, there can be no recovery. This we think is a mistake. Section 9 of article 8 of the Constitution as amended in 1890 declares that "the State tax on property, exclusive of the tax necessary to pay the public debt and of the taxes provided for the benefit of public free schools, shall never exceed thirty-five cents on the one hundred dollars valuation, and no county, city or town shall levy more than twenty-five cents for city or county purposes, and not exceed fifteen cents for roads and bridges on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the amendment, September 25, A. D. 1883; and for the erection of public buildings, streets, sewers, waterworks and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation in any one year, and except as is in this Constitution otherwise provided." In the Citizens' Bank v. City of Terrell, 78 Texas, 450, it is held that the assessable values of the corporation as has been made by the assessor of taxes and approved by the Commissioners' Court or the city council is the valuation meant and that the sum of the last assessment so made and approved must govern. By whom the valuation is to be made the Constitution does not declare; but it is evident it must be by the assessor of taxes; and it seems to us to be a matter of no moment whether it be by the assessor of the county or by the assessor of the county to which it is attached for judicial purposes. When a county is first organized it has more need of using its taxing power than at any other time. It is likely to have no courthouse or jail. Must it wait until it has had an assessment made by its own assessor, or may it take the assessment made by the assessor of the county from which it has been detached? We are of the opinion that the latter course is open to the Commissioners' Court of the county. No reason is seen why the assessment by the assessor of the county to which it is attached

for judicial purposes is not as accurate as that made by an assessor of the county after it is detached and organized.

It was held in the case of Bank v. Terrell, *supra,* that where there is an excessive issue of bonds, if they are all issued at the same time, the valid debt should be distributed equally between the bonds.

The facts of the case having been agreed upon, no reason is seen why we should not upon a reversal of the judgment render such judgment as should have been rendered by the trial court. There are two rules which prescribe a limitation upon the power to create a debt under the statutes and the Constitution. The statutory rule is that courthouse and jail bonds shall be limited to an amount not exceeding two percent of said taxable values. The constitutional limitation has been already quoted. Two percent upon the taxable valuation fixed by the assessor of Wheeler County is $829.86, seven-fiftieths of which is $116.13. One-fourth of one percent tax under the constitutional rule will yield more than enough to pay the annual payment on the bonds of $116.13.

There was a plea of the statute of limitations to the coupons of the bonds. They fell due annually on the 10th of April each year. The suit was brought January 18, 1908. Hence, all the coupons which fell due in 1903 and before that time were barred. Those which fell due on April, 1904, and subsequently, are not barred. This amounts to $46.17, which, added to $116.13, makes $162.30, for which we render judgment against Roberts County.

We accordingly render judgment in favor of Rockwall County against Roberts County for the sum of $162.30.

*Reversed and rendered.*