**Alice HANSEN, Appellant,**

v.

**KEN STOEPEL FORD, INC., Appellee.**

No. 15345.

Court of Civil Appeals of Texas,
San Antonio.

Oct. 16, 1974.

Walton J. Wenzel, San Antonio, for appellant.

Lavern D. Harris, Ronald R. Winfrey, Kerrville, for appellee.

BARROW, Chief Justice.

Appellant brought suit to collect the sum of $650.00 plus reasonable attorney's fees for appellee's failure to pay rent owed for the month of August 1969 under a written lease contract. The trial court found that the suit was barred by the four-year statute of limitations and dismissed the suit at appellant's cost.

On February 1, 1969, appellant and appellee entered into a written lease contract whereby certain property belonging to appellant was leased to appellee from February 1, 1969, to August 31, 1969, for the

1

agreed rental of $650.00 per month which sum was due and payable on or before the first day of each calendar month. The agreed rental was not paid on or before August 1, 1969, and appellee was evicted on August 14, 1969. Appellant filed this suit on August 8, 1973, and appellee urged the four-year statute of limitations in bar of such claim.

The parties agree that this claim is within the provisions of the four-year statute of limitations.[1] The dispute relates to the time of accrual of appellant's cause of action. In Luling Oil & Gas Co. v. Humble Oil & Refining Co., 144 Tex. 475, 191 S. W.2d 716 (1945), the court stated the applicable rule as follows: "The 'accrual of a cause of action' means the right to institute and maintain a suit, and whenever one person may sue another a cause of action has 'accrued.'"

Appellant urges that the cause of action did not accrue until ten days after the payment was due because of the following provisions in said lease:

"In case of failure on the part of Lessee to pay the rental promptly in advance as herein provided, Lessor shall have the right, after ten days notice to Lessee in writing, to declare all of the unpaid installments of rent for the remainder of the term hereof immediately due and payable, and in case of default in any of the covenants herein, Lessor may enforce the performance of this lease in any mode provided by law, and this lease may be forfeited at Lessor's discretion if such default continues for a period of ten (10) days after Lessor's notification to said Lessee of such default and his intention to declare this lease forfeited, and such notice to be sent by the Lessor by mail or otherwise, to the demised premises; . . . ."

1. Article 5527, Vernon's Tex.Rev.Civ.Stat. Ann., (1958), provides: "There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

It is seen that the ten-day notice relates to appellant's right to accelerate or declare the lease forfeited. It does not relate to the time of payment. Under the express terms of the written agreement, the agreed monthly rental was due on or before August 1, 1969, and limitations began to run on such unpaid sum on that date. Pollack v. Pollack, 39 S.W.2d 853 (Tex.Comm'n App. 1931, holding approved); Parker v. Rolls, 338 S.W.2d 523 (Tex.Civ.App.— Austin 1960, no writ).

Appellant's cause of action accrued on August 1, 1969, and therefore the claim is barred by the four-year statute of limitations. The trial court did not err in dismissing appellant's suit.

The judgment is affirmed.

1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing. . . . ."