546 S.W.2d 660 (1977)
Ruby Lee HART, Appellant,
v.
INTERNATIONAL TELEPHONE & TELEGRAPH CORP. also known as I.T.T., d/b/a Building and Service Company of Texas, Appellee.
No. 15680.
Court of Civil Appeals of Texas, San Antonio.
January 12, 1977.
Rehearing Denied February 2, 1977.
*661 Sam C. Bashara, San Antonio, for appellant.
Stephen Lang, San Antonio, for appellee.
KLINGEMAN, Justice.
This is a suit by Ruby Lee Hart against International Telephone and Telegraph Corporation for commissions under a verbal contract for work performed by Ruby Lee Hart during the year 1972. Defendant filed an answer which included a plea that plaintiff's cause of action was barred by the statute of limitations. Defendant also filed a counter-claim for an alleged breach of a covenant not to compete which was contained in a previous written contract, but this counter-claim was severed. Trial was to a jury, but after the completion of plaintiff's evidence, the trial court granted an instructed verdict that plaintiff take nothing from defendant.
Plaintiff's only point of error is that the trial court erred in granting an instructed verdict in favor of defendant.
The only question involved in this appeal is one of limitations. Plaintiff concedes that the two-year statute of limitations applies since the contract relied on as a basis for recovery is an oral contract.[1]
Plaintiff's original contract of employment with defendant was a written contract dated January 2, 1970, which contract was for a period of one year (1970). Her employment thereafter was on a year-to-year basis under an oral agreement which was basically a one-year extension of the terms and provisions of the original base contract. As compensation for her work, plaintiff was to receive commissions, based in part on gross profits of sales by her to her own customers and in part on net profits for sales by her to customers of Warren Supply Company, a division of defendant. Under the agreement, plaintiff was to receive a monthly advance of $550.00, which was to be applied against her commissions, and an automobile allowance. The commissions in excess of her advancements were to be paid quarterly, and a quarterly statement of commissions earned was to be furnished plaintiff. An annual audit was to be furnished Mrs. Hart if she so requested. The agreement also contained a twenty-four month non-competition clause commencing at the end of the term of her employment contract. This agreement not to compete is the subject of the counterclaim which was severed.
The only question before this Court is as to the date the limitations began to run under the cause of action which Mrs. Hart claims to have for unpaid commissions in connection with her employment which terminated on September 14, 1972. The suit was filed in the trial court on October 24, 1974.
Both parties agree that in an action for debt under an oral contract limitations begin to run when the cause of action accrues. Godde v. Wood, 509 S.W.2d 435 (Tex.Civ.App.Corpus Christi 1974, writ ref'd n.r.e.). Generally speaking, the accrual of a cause of action means the right to institute and maintain a suit. Whenever one person may sue another, a cause of action has accrued. Luling Oil & Gas Co. v. Humble Oil & Refining Co., 144 Tex. 475, 191 S.W.2d 716 (1945); Godde v. Wood, supra.
The basic dispute herein is when limitations started to run. Plaintiff contends that since an audit of commissions could be made in January of the year following the quarterly payments, at which time an adjustment or correction of any deficiencies or overages could be made, limitations did not start to run until January of 1973, and the *662 suit was timely filed within the two-year period of limitations.
Ruby Lee Hart was the only witness to testify. She testified that commissions were to be paid to her quarterly, and that the last month for which she received a commission was January 1972. She further testified that under the agreement, the commissions would be paid to her within three months from the closing month of the quarter; that the commissions for the month of January, February, and March would be paid prior to the end of June; that the commissions for the second quarter (April, May, and June) would be paid in August or September; and that commissions for the third quarter (July, August, and September) would be paid in November or December.
We see no inconsistency between Mrs. Hart's testimony that payments were due and payable on a quarterly basis and her testimony that after an audit any deficiency in payments would be made to her in the following January. It appears undisputed that payments were to be made to her quarterly, and the provisions for an audit do not in any way alter or change the time of payments. There was no evidence to suggest that payments were due and payable on anything but a quarterly basis.
In Hansen v. Ken Stoepel Ford, Inc., 515 S.W.2d 1 (Tex.Civ.App.San Antonio 1974, no writ), suit was filed on August 8, 1973 to collect a monthly rental of $650.00 owed for the month of August 1969, which was payable on or before August 1, 1969. The lease contract was a written contract and contained the provision which required ten days notice to accelerate payment of unpaid installments or to declare the lease forfeited. This Court held that the ten-day notice provision did not relate to the time of payment; that under the express terms of the lease, the agreed monthly rental was due on or before August 1, 1965, and limitations began to run on such unpaid sum on such date; that appellant's cause of action accrued on August 1, 1969, and that the suit filed on August 8, 1973 was barred by the four-year statute of limitations. See also Pollack v. Pollack, 39 S.W.2d 853 (Tex. Comm.App. 1931, holding approved).
We have concluded that any commissions allegedly due for the first and second quarters of the year 1972 (January, February, and March) (April, May and June) are barred by the two-year statute of limitations; but that any commissions allegedly due for the third quarter (July, August, and September 1972) are not barred by limitations.
The judgment is affirmed as to any commissions allegedly due for the first two quarters of 1972 (JanuaryJune), but is reversed and remanded to the trial court for a determination of the amount of commissions, if any, due plaintiff for the third quarter of 1972 (July, August, and September).
Costs are assessed one-half against plaintiff and one-half against defendant.
NOTES
[1] Tex.Rev.Civ.Stat.Ann. art. 5526 (1958). "There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: * * 4. Actions for debt where the indebtedness is not evidenced by a contract in writing."