## F.D. STELLA PRODUCTS CO., Appellant,

v.

## Milton SCOTT, Sr. and Betty Jo Scott, Appellees.

No. 3–92–398–CV.

Court of Appeals of Texas, Austin.

April 27, 1994.

ing that Stella Products' suit was barred in its entirety by the four-year statute of limitations. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.004 (West 1986). The trial court granted summary judgment in favor of the Scotts, rendering judgment that Stella Products take nothing by its suit. Stella Products brings a single point of error asserting that the Scotts failed to establish as a matter of law that the entirety of its cause of action accrued more than four years before suit was filed. We will reverse the trial court's judgment and remand the cause.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 31, 1984, the Scotts entered into a lease agreement with Stella Products, whereby they agreed to lease restaurant equipment for a sixty-month term at a monthly rent of $1,001.73.[1] On March 21, 1985, the Scotts assigned their interest in the lease to Marvin J. Foss.

Sometime before April 1, 1988, Foss stopped making payments under the lease. On July 20, 1988, Stella Products notified the Scotts that they had incurred a deficiency of $40,949.79, including $10,327.63 past due as of April 1, 1988, and also including an accelerated balance for future rent due, investment tax credit, cost of repossession of some of the equipment, storage, unaccounted-for equipment, and interest charges. On October 21, 1991, Stella Products sent the Scotts a statement of deficiency, which listed the July 1988 deficiency as well as finance charges from August 1, 1988, in the amount of $21,133.01. Stella Products did not file suit against the Scotts, however, until January 21, 1992.

The Scotts filed a motion for summary judgment asserting that Stella Products' suit was barred by the four-year statute of limitations contained in section 16.004 of the Civil Practice and Remedies Code. The Scotts argued that Stella Products' July 1988 letter, which indicated that the Scotts had a past-due balance of more than $10,000 on April 1, 1988, conclusively established that any default in making monthly payments under the

Geoffrey C. Price, Hancock & Piedfort, P.C., Austin, for appellant.

Eugene B. Sisk, Sisk & Van Voorhis, Universal City, for appellees.

Before POWERS, ABOUSSIE and JONES, JJ.

JONES, Justice.

F.D. Stella Products Co., appellant, sued Milton Scott, Sr. and Betty Jo Scott, appellees, for breach of an equipment lease. The Scotts moved for summary judgment, assert-

---

1. The Scotts were operating as M.D.S. Enterprises d/b/a Crusty's Pizza. The original lessor was Potomac Leasing Company. Stella Products was assigned Potomac's interest in the lease.

lease "necessarily occurred prior to January 1, 1988, apparently on or about June 1987." Because suit was not filed until January 21, 1992, more than four years after default, the Scotts asserted that Stella Products' suit was barred by the statute of limitations. The Scotts' motion for summary judgment was directed at the entirety of Stella Products' claim. The trial court granted the Scotts' motion for summary judgment, rendering judgment that Stella Products take nothing.

### DISCUSSION

In a single point of error, Stella Products argues that the summary judgment proof failed to establish as a matter of law that the entirety of its cause of action accrued more than four years before suit was filed. Stella Products contends that (1) the Scotts failed to establish conclusively when *any* portion of Stella Products' claim accrued, and (2) even if the summary judgment evidence conclusively established that the initial default occurred in the summer of 1987, the Scotts failed to show that *all* of Stella Products' claim was barred by limitations.

The standards for reviewing a motion for summary judgment are well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ Stella Products argues that the statute of limitations ran separately on each monthly payment due under the lease. Under this theory, payments that were due after January 21, 1988—four years before the filing of suit—would not be barred. Thus, Stella Products contends that, even if the summary judgment evidence conclusively established that default first occurred before January 21, 1988, the Scotts did not establish that *all* of Stella Products' claims were barred. We agree.

Although there are no Texas cases directly on point, various authorities support the conclusion that periodic lease payments should be treated in the same manner as installment contracts, with limitations running separately on each missed payment.[2] When one party does not perform a material obligation under a continuing contract, the other party to the contract generally has two options. First, the injured party may treat the contract as still in force, retaining the right to sue "on the contract." The injured party's second option is to treat the failure to perform as a complete breach and terminate the contract, thereby terminating all rights and duties of each party thereunder.[3] *Wilson v. Woolf,* 274 S.W.2d 154, 159 (Tex.Civ.App.—Fort Worth 1955, writ ref'd n.r.e.); *Sims v. Falvey,* 234 S.W.2d 465 (Tex.Civ.App.—Beaumont 1950, writ ref'd n.r.e.).

■ The applicable statute of limitations begins to run when a right of action accrues. *Atkins v. Crosland,* 417 S.W.2d 150, 152 (Tex.1967); *Warnecke v. Broad,* 161 S.W.2d 453, 454–55 (Tex.1942). A cause of action for "damages" for breach of contract accrues only if the injured party elects to treat the contract as terminated. *See Howell v. Kelly,* 534 S.W.2d 737, 739–40 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *Sims,* 234 S.W.2d at 471. In contrast, once there is a failure to perform, a cause of action in the nature of specific performance under the contract immediately accrues. *Wilson,* 274 S.W.2d at 158. Logically, therefore, the statute of limitations on a claim for damages for breach of contract begins to run only when

---

**2.** Stella Products cites *Hansen v. Ken Stoepel Ford, Inc.,* 515 S.W.2d 1 (Tex.Civ.App.—San Antonio 1974, no writ), in support of its proposition that an equipment lessor's cause of action for missed payments accrues when each payment becomes due. However, we read *Hansen* as supporting only the proposition that the cause of action for a monthly rent payment accrues on the date rent is due, not the date of future acceleration of rents.

**3.** In certain circumstances, the injured party could have a third option: treat the contract as rescinded and sue under quantum meruit. *See Howell v. Kelly,* 534 S.W.2d 737, 739 (Tex.Civ. App.—Houston [1st Dist.] 1976, no writ).

the injured party elects to treat the contract as terminated.

Likewise, under a lease providing for monthly rental payments, a landlord has two options when a tenant defaults. The landlord may "stand on the contract" and sue for each month's rent separately, or he may treat the lease as terminated and sue once for damages for breach of contract. *Western Flavor–Seal Co. v. Kallison*, 389 S.W.2d 521, 522 (Tex.Civ.App.—San Antonio 1965, no writ); *Amco Trust, Inc. v. Naylor*, 311 S.W.2d 257, 260 (Tex.Civ.App.—San Antonio 1958), *rev'd on other grounds*, 159 Tex. 146, 317 S.W.2d 47 (1958). That is, the landlord has the option of (1) treating a missed rent payment as a breach terminating the entire lease, or (2) keeping the lease alive and suing for rents as they accrue thereafter. *Stubbs v. Stuart*, 469 S.W.2d 311, 312 (Tex.Civ. App.—Houston [14th Dist.] 1971, no writ).

Under the lease in this case, after the Scotts initially defaulted on their payment obligation, Stella Products had the option of treating the lease as still in force and suing for each missed month's rent or treating the lease as terminated and suing for breach of the entire lease. The July 1988 letter shows that, after the first missed rent payment, Stella Products did not immediately accelerate the payments for the remaining term of the lease. Indeed, the summary judgment evidence seems to indicate that the acceleration occurred *after* January 21, 1988. Accordingly, the Scotts did not conclusively establish that Stella Products elected to treat the lease as terminated upon the first default or at any time before January 21, 1988.

■ For breach of contracts requiring fixed, periodic payments, Texas law is clear that a separate cause of action arises for each missed payment. *See Intermedics, Inc. v. Grady*, 683 S.W.2d 842, 845 (Tex.App.— Houston [1st Dist.] 1984, writ ref'd n.r.e.) ("[I]f the terms of an agreement call for periodic payments during the course of the contract, a cause of action for such payments may arise at the end of each period, before the contract is completed"); *Gabriel v. Alhabbal*, 618 S.W.2d 894, 897 (Tex.Civ.App.— Houston [1st Dist.] 1981, writ ref'd n.r.e.); *Hughes v. Stovall*, 135 S.W.2d 603, 606 (Tex.

Civ.App.—Amarillo 1939, writ dism'd judgm't cor.); *cf. Dvorken v. Lone Star Indus., Inc.*, 740 S.W.2d 565, 567 (Tex.App.—Fort Worth 1987, no writ). The cause of action accrues when each payment is due, and the injured party has four years to bring suit. *Gabriel*, 618 S.W.2d at 897. Thus, a suit for the breach of a contract requiring payment in periodic installments may include all payments due within the four-year statute of limitations period, even if the initial breach was beyond the limitations period. Recovery of any payments due before the four-year limit is barred, since a suit on each individual payment more than four years overdue would also be barred. *See Rockwall County v. Roberts County*, 103 Tex. 406, 128 S.W. 369, 370 (1910); *Hollander v. Capon*, 853 S.W.2d 723, 726–27 (Tex.App.—Houston [1st Dist.] 1993, writ denied); *Hughes*, 135 S.W.2d at 606.

Courts have used this "installment contract" approach in a variety of situations. For example, coupons on county bonds due each year have been considered as installment contracts. *Rockwall County*, 128 S.W. 369. Periodic payments for promissory notes have been considered installment contracts for the purpose of determining accrual of a cause of action. *Hughes*, 135 S.W.2d 603. The settlement of a divorce action requiring periodic payments to an ex-spouse has been treated as an installment contract. In *Sims*, for example, a husband owed his ex-wife monthly support payments of $350. 234 S.W.2d 465. Those payments stopped in 1929, except for $100 per month. The court held the wife's cause of action for breach of contract due to missed support payments did not accrue until she elected to treat the contract as breached. *Id.* at 471. Thus, in 1949 the ex-wife was permitted to recover four years' worth of missed support payments under her breach-of-contract claim. The other sixteen years' worth of payments were barred by the statute of limitations. *Id.* at 472.

Thus, Texas law is settled that in any circumstance where a contract requires fixed, periodic payments, the statute of limitations for a breach-of-contract claim will bar only those payments due more than four years

before the filing of suit. The issue in the present case is whether a lease also gives a new cause of action each time a rent payment is missed. Although we have found no Texas cases specifically addressing the applicability of installment-contract principles to leases with respect to the issue of limitations, logic dictates that they should be treated in the same fashion. Leases are similar to installment contracts. The essential feature of a divisible contract is that a portion of the price is set off against a portion of the performance; therefore, when a part of the performance has been rendered, a debt for that part immediately arises. 6 *Williston on Contracts*, § 861 (Walter H.E. Jaeger ed., 3d ed. 1962). An installment contract under which the monthly payment is for a portion of the goods received is a classic divisible contract. So too is a lease, in which a month's use of the lessor's property is set off by a month's worth of rent. Under such a lease, for each month's use there is a new debt apportioned as monthly rent.

Commentators and courts in other jurisdictions have also recognized that when applying statute-of-limitations principles to a divisible contract, limitations runs separately as to each payment or performance when it becomes due, either as an independent obligation or as a return for an installment of the counter-performance. 18 Williston, *supra*, § 2026c. Thus, when periodic payments are required to be made, each failure to pay creates a new cause of action. *Russell v. United States*, 314 F.2d 809, 811, 161 Ct.Cl. 183 (1963); *Gardiner v. Montegut*, 175 So. 120, 122 (La.Ct.App.1937). Applied specifically to leases, California courts have held that if a lease fixes the amount of rent due and the time of payment, the fact that the lessee was behind in rent and that the lease could have been terminated does not affect the lease's character as an existing contract. Thus, the statute of limitations applies to each payment as a separate cause of action. *See Davenport v. Stratton*, 24 Cal.2d 232, 149 P.2d 4, 14 (1944); *Tillson v. Peters*, 41 Cal. App.2d 671, 107 P.2d 434, 437 (1940); *Lee v. DeForest*, 22 Cal.App.2d 351, 71 P.2d 285 (1937). North Carolina courts have reached the same conclusion: when considering a lease with monthly payments, the statute of limitations runs against each installment individually when it becomes due. *U.S. Leasing Corp. v. Everett, Creech, Hancock & Herzig*, 88 N.C.App. 418, 363 S.E.2d 665, 669 (1988). In *U.S. Leasing*, the North Carolina court specifically rejected the plaintiff's contention that the statute of limitations did not begin to run until the plaintiff attempted to repossess. The court also rejected the defendant's contention that the first failure to make a payment automatically started the statute of limitations as to the entire action. *U.S. Leasing*, 363 S.E.2d at 669. Finally, the Fifth Circuit considered a Texas lease for oil royalties in which the payments were due monthly and concluded that a separate statute of limitations existed for each installment as it became due. *See Phillips Petroleum Co. v. Johnson*, 155 F.2d 185, 194 (5th Cir.), *cert. denied*, 329 U.S. 730, 67 S.Ct. 87, 91 L.Ed. 632 (1946).

We conclude that leases should be treated as installment contracts for the purpose of the accrual of a cause of action and the running of the applicable statute of limitations. In the present case, the Scotts did not conclusively prove that Stella Products treated the lease as terminated before January 21, 1988. Although some of the lease payments for which Stella Products is suing appear to have been missed before that date, the Scotts' motion for summary judgment was addressed to Stella Products' claim in its entirety. Because the Scotts did not show themselves entitled as a matter of law to the judgment they sought, they failed to carry their summary-judgment burden.

## CONCLUSION

We reverse the summary judgment of the trial court and remand the cause for further proceedings.