ACCEPTED
03-15-00314-CV
6825524
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/8/2015 1:28:18 PM
JEFFREY D. KYLE
CLERK

**No. 03-15-00314-CV**

IN THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/8/2015 1:28:18 PM
JEFFREY D. KYLE
Clerk

CALIFORNIA INSURANCE GUARANTEE ASSOCIATION,
OKLAHOMA PROPERTY AND CASUALTY INSURANCE GUARANTY
ASSOCIATION, AND TEXAS PROPERTY AND CASUALTY INSURANCE
GUARANTY ASSOCIATION,

Appellants,

v.

HILL BROTHERS TRANSPORTATION, INC.,

Appellee.

*Appeal from the 201st Judicial District Court, Travis County, Texas*
*The Honorable Lora Livingston, Judge Presiding*

_____

**APPELLEE'S BRIEF**
_____

Patrick J. Pearsall
State Bar No. 24047492
ppearsall@dwmrlaw.com
Adrian R. Ciechanowicz
State Bar No. 24045659
aciechanowicz@dwmrlaw.com
DUGGINS WREN MANN & ROMERO, LLP
600 Congress Ave., Ste. 1900 (78701)
P. O. Box 1149
Austin, Texas 78767-1149
(512) 744-9300
(512) 744-9399 *fax*

ATTORNEYS FOR APPELLEE

**ORAL ARGUMENT PROVISIONALLY REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38.1(a), appellee provides this list of all parties to the order appealed from and the names and addresses of all trial and appellate counsel:

**Plaintiffs/Appellants**:

California Insurance Guarantee Assn.
Oklahoma Property and Casualty
   Insurance Guaranty Assn.
Texas Property and Casualty Insurance
   Guaranty Assn.

*Trial and appellate counsel*:

Dan Price
James Loughlin
STONE LOUGHLIN & SWANSON, LLP
P.O. Box 30111
Austin, Texas 78755

**Defendant/Appellee**:

Hill Brothers Transportation, Inc.

*Trial counsel*:

William B. Johnson
Adrian R. Ciechanowicz
Leila Melhem
DUGGINS WREN MANN & ROMERO, LLP
600 Congress Ave., Ste. 1900 (78701)
P. O. Box 1149
Austin, Texas 78767-1149

*Appellate counsel*:

Patrick J. Pearsall
Adrian R. Ciechanowicz
DUGGINS WREN MANN & ROMERO, LLP
600 Congress Ave., Ste. 1900 (78701)
P. O. Box 1149
Austin, Texas 78767-1149

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................... i

TABLE OF CONTENTS ..................................................................................... ii

INDEX OF AUTHORITIES.............................................................................. iv

STATEMENT REGARDING ORAL ARGUMENT ............................................v

PRELIMINARY STATEMENT .........................................................................1

STATEMENT OF FACTS ..................................................................................3

SUMMARY OF THE ARGUMENT ...................................................................4

ARGUMENT AND AUTHORITIES..................................................................6

I.      The trial court correctly found that the Guaranty Associations' breach
        of contract claim is barred by limitations. ..........................................6

        A.      The Guaranty Associations' suit was untimely.....................................6

                1.      Limitations bars the Guaranty Associations' breach of
                        contract claim against Hill Brothers just as limitations
                        would bar the claim if Legion asserted it...................................6

                2.      The Guaranty Associations' acquisition of standing to
                        sue Hill Brothers does not control when limitations on
                        Legion's breach of contract claim accrued. ...............................9

                3.      The Guaranty Associations' breach of contract claim
                        accrued upon Hill Brothers' breach of the contract, not
                        the Guaranty Associations' initial payments of covered
                        claims. .................................................................................10

                4.      Hill Brothers breached its contract with Legion prior to
                        refusing the Guaranty Associations' demand for
                        reimbursement.......................................................................11

        B.      The Guaranty Associations' delay in filing suit is unreasonable
                as a matter of law.............................................................................13

ii

C.      All of the Guaranty Associations' reimbursement claims are barred by limitations............................................................................15

II.      CROSS-POINT: Alternatively, the summary judgment should be affirmed on the ground that the Guaranty Associations are not proper parties to sue for breach of contract.................................................17

CONCLUSION AND PRAYER ............................................................................22

CERTIFICATE OF COMPLIANCE.....................................................................23

CERTIFICATE OF SERVICE ..............................................................................24

# INDEX OF AUTHORITIES

**Cases**

*Capstone Healthcare Equip. Servs., Inc. v. Quality Home Health Care, Inc.*,
  295 S.W.3d 696 (Tex. App.—Dallas 2009, pet. denied) ......................................8

*Cincinnati Life Ins. Co. v. Cates*,
  927 S.W.2d 623 (Tex. 1996) ..............................................................................17

*F.D. Stella Prods. Co. v. Scott*,
  875 S.W.2d 462 (Tex. App.—Austin 1994, no writ) .......................... 8, 12, 15, 16

*Gen. Reinsurance Corp. v. Am. Bankers Ins. Co.*,
  996 A.2d 26 (Pa. Commw. Ct. 2009) ..................................................................19

*Gen. Reinsurance Corp. v. Missouri Gen. Ins. Co.*,
  458 F.Supp. 1 (W.D. Mo. 1977) ..........................................................................19

*Kendziorski v. Saunders*,
  191 S.W.3d 395 (Tex. App.—Austin 2006, no pet.) .............................................8

*Santander Consumer USA, Inc. v. Palisades Collection, LLC*,
  447 S.W.3d 902 (Tex. App.—Dallas 2014, pet. denied) ......................................8

*Skandia America Reinsurance Corp. v. Schenck*,
  441 F.Supp. 715 (S.D. N.Y. 1977) ......................................................................19

*Stine v. Stewart*,
  80 S.W.3d 586 (Tex. 2002) ...................................................................................7

*Via Net v. TIG Ins.*,
  211 S.W.3d 310 (Tex. 2006) .................................................................................7

**Statutes**

36 Okla. Stat. Ann. § 2007 ....................................................................................18

40 Pa. Cons. Stat. § 221.23 ...................................................................................20

40 Pa. Cons. Stat. § 221.23a ..................................................................... 12, 13, 14

Cal. Ins. Code Ann. § 1063.2 ................................................................................18

Miss. Code § 83-23-115 .........................................................................................19

Tex. Civ. Prac. & Rem. Code § 16.051 ..................................................................7

Tex. Ins. Code art. 21.28-C § 8 .............................................................................18

## STATEMENT REGARDING ORAL ARGUMENT

Appellee Hill Brothers Transportation, Inc., does not believe oral argument is necessary for the Court to fully understand and properly resolve this appeal. This is an appeal from a final summary judgment in a breach of contract dispute. The relevant facts are undisputed, and the law is straightforward. However, to the extent the Court has remaining questions after reviewing the parties' briefs, Hill Brothers would participate in any oral argument to answer those questions.

On April 1, 2002, Legion Insurance Company was placed in rehabilitation. Clerk's Record (CR):2083 at ¶2. Legion's rehabilitation forced Appellee Hill Brothers Transportation, Inc., to immediately look for and purchase a replacement workers' compensation insurance policy, which was a significant expense of money and time.

Appellants California Insurance Guarantee Association (CIGA), Oklahoma Property and Casualty Insurance Guaranty Association (OPCIGA), and Texas Property and Casualty Insurance Guaranty Association (TPCIGA) (collectively, the Guaranty Associations) have no contractual relationship with Hill Brothers. Undeterred, the Guaranty Associations sued Hill Brothers for breach of contractual obligations owed to Legion under a workers' compensation policy (the Policy) issued by Legion to Hill Brothers. The Guaranty Associations argued that that their enabling statutes grant them the same rights, duties, and obligations that Legion would have had if it had not been declared insolvent, including the right to enforce Hill Brothers' obligations under the Policy. *See* CR:2495 at ¶50.

Essentially, the Guaranty Associations claimed they stood in the shoes of Legion with respect to their payment of covered claims under the Policy. Consequently, they insisted that they could sue Hill Brothers for breach of contract

1

because Legion could sue Hill Brothers for breach of contract. The trial court agreed and denied Hill Brothers' motion to dismiss, which argued the Guaranty Associations lacked standing to sue Hill Brothers for breach of contract, and Hill Brothers' motion for summary judgment on the ground that the Guaranty Associations are not proper parties to sue for breach of contract. This is also why the trial court granted Hill Brothers' motion for summary judgment on limitations. In its letter to the parties explaining its ruling, the trial court stated:

> The Court is of the opinion that [the Guaranty Associations] have capacity to sue as they possess the rights and duties of the insolvent insurer, including the right to sue to enforce the deductible provisions just as Legion could. However, just as [the Guaranty Associations] possess the rights, they also possess the duties, including the duty to sue within four years of the date that Legion's cause of action accrued against Hill Brothers. Since [the Guaranty Associations] did not sue within four years of the date of the accrual of Legion's cause of action, their claims are barred.

CR:3790.

As they did below, the Guaranty Associations continue to insist they have the right to enjoy all of the benefits but none of the burdens of asserting Legion's breach of contract claim against Hill Brothers. They are wrong. Assuming the Guaranty Associations could legally assert Legion's breach of contract claim against Hill Brothers, which Hill Brothers disputes, they were obligated to file suit

2

within the applicable limitations period. Because they failed to do so, the trial court correctly concluded that their suit is barred by limitations.

## STATEMENT OF FACTS

The summary-judgment evidence demonstrates the following undisputed facts:

- In August 2001, Hill Brothers purchased the Policy from Legion. The Policy provided workers' compensation coverage for certain bodily injuries occurring during the policy period – September 1, 2001, through September 1, 2002. CR:2504.

- The Policy required Hill Brothers to pay monthly premiums to Legion and includes a $250,000 per-claim deductible. CR:2506. The Policy included "Deductible Endorsements" for Kansas, Nebraska, Oklahoma, and Texas. CR:2552, 2554, 2556, and 2559. These endorsements provide that Legion will pay workers' compensation benefits, including amounts subject to the per-claim deductible, on Hill Brothers' behalf and that Hill Brothers will reimburse Legion up to the $250,000 deductible. CR:2552, 2554, 2556, and 2559.

- On April 1, 2002, Legion was placed in rehabilitation. CR:2083 at ¶2.

- Hill Brothers obtained a replacement workers' compensation insurance policy. CR:232. Faced with this additional expense, as of April 1, 2002, Hill Brothers stopped paying monthly Policy premiums to Legion. CR:232, 2095.

- On May 21, 2002, Legion sent Hill Brothers a Notice of Cancellation of Insurance, cancelling the Policy effective June 6, 2002. CR:2095.

On March 31, 2009, nearly seven years after Legion terminated the Policy, the Guaranty Associations sued Hill Brothers alleging that Hill Brothers breached its contractual obligation under the Policy to reimburse the Guaranty Associations

3

for their payment of covered claims within the Policy's deductible. CR:4, 7-9. In January 2015, Hill Brothers filed traditional and no-evidence summary-judgment motions as well as a motion to dismiss for lack of jurisdiction. CR:2037, 2242, 2251. In its traditional motion, Hill Brothers argued that it could (1) disprove each element of the Guaranty Associations' breach of contract claim as a matter of law, and (2) conclusively establish all elements of its affirmative defense of limitations. CR:2056-63. The trial court denied Hill Brothers' motion to dismiss and no-evidence motion for summary judgment and granted Hill Brothers' traditional motion, rendering its Final Summary Judgment on "limitations only." CR:3889-90.

This appeal followed.

## SUMMARY OF THE ARGUMENT

The Guaranty Associations' arguments lack merit for three reasons. First, the Guaranty Associations ignore the fact that they are asserting *Legion's* breach of contract claim. The issues of when the Guaranty Associations acquired standing to enforce Legion's rights under the Policy or when they first paid the claims that form the basis of their suit are irrelevant to the determination of when Legion's breach of contract claim accrued for limitations purposes.

Second, the Guaranty Associations forget that there were multiple breaches of the Policy. Hill Brothers arguably initially breached the Policy when it stopped

4

paying premiums to Legion on April 1, 2002.[1] Later, Hill Brothers repudiated its continuing obligation under the Policy to reimburse Legion upon demand for reimbursement of amounts paid on Hill Brothers' behalf within the Policy's deductible. The Guaranty Associations mistakenly argue that this later action triggered the four-year limitations period on their breach of contract claim. In Texas, however, a breach of contract claim accrues upon breach of the contract. Thus, it is immaterial for limitations purposes when Legion (or the Guaranty Associations on Legion's behalf) made a demand for reimbursement of deductibles. By that time the Policy had already been canceled as a result of non-payment of premiums, and limitations had begun to run.

Finally, the Guaranty Associations improperly treat the Policy's Deductible Endorsements as if they are independent contracts, separate and distinct from the Policy itself. But there is only one Policy, which Legion elected to terminate on June 2, 2002, claiming breach by Hill Brothers for non-payment of premiums. CR:2095. Whether the Policy is a continuing contract is irrelevant because a claim for damages for breach of continuing contract accrues when the injured party elects

---

[1]  Hill Brothers concedes it breached the Policy for summary-judgment purposes only, and does not concede that this breach is unjustified or actionable.

to terminate or repudiate the contract. Accordingly, at the latest, the breach of contract claim accrued when Legion terminated the Policy on June 2, 2002.

Ultimately, because Legion's breach of contract claim accrued more than four years before the Guaranty Associations filed suit, the suit is barred by limitations. The trial court's final summary judgment should be affirmed.

As discussed below, even assuming this Court concludes that the Guaranty Associations' suit was timely filed, it should affirm the summary judgment on the ground that the Guaranty Associations are not proper parties to sue Hill Brothers for breach of contract as a matter of law.

**ARGUMENT AND AUTHORITIES**

**I.      The trial court correctly found that the Guaranty Associations' breach of contract claim is barred by limitations.**

**A.      The Guaranty Associations' suit was untimely.**

**1.      Limitations bars the Guaranty Associations' breach of contract claim against Hill Brothers just as limitations would bar the claim if Legion asserted it.**

The Guaranty Associations insist that they are "empowered to enforce the duties and obligations imposed on the insured under any policy of insurance within the scope of the guaranty statutes, including enforcing the obligation to pay deductibles." Appellants' Brief at 3. To the trial court, the Guaranty Associations argued that their enabling statutes grant them the "same rights under the Policy that

Legion would have had if it had not been declared insolvent, including the right to bring suit to enforce [Hill Brothers'] duty to reimburse [Guaranty Associations] for claims and claim handling expenses paid within the deductible limits under the Policy." CR:2495 at ¶50. This is why, according to the Guaranty Associations, they were proper parties to sue Hill Brothers for breach of contract. CR:2494-96 at ¶¶48-52, and CR:2734-38 at ¶¶8, 12 and 14. The Guaranty Associations explained their position as follows:

> If Hill Brothers refused to pay the deductibles to Legion, it would have been in breach of the insurance contract and Legion could have sought recovery from Hill Brothers for the deductible amounts. Because [the Guaranty Associations] have the same rights and duties as Legion with respect to covered claims paid under the Policy and within the deductible amounts, [the Guaranty Associations] are entitled to reimbursement of the deductibles just as Legion would have been.

CR:2740 at ¶18. In others words, the Guaranty Associations argued they have a statutory right to stand in the shoes of Legion to assert a breach of contract claim against Hill Brothers that Legion could have asserted but for its insolvency.

On appeal, however, the Guaranty Associations' arguments focus on when the breach of contract accrued *as to them*. But they are not asserting their own cause of action; the Guaranty Associations are asserting *Legion's* breach of contract action. And the Guaranty Associations concede that they have the "same rights and duties as Legion with respect to covered claims paid under the Policy."

7

Appellants' Brief at 3 n.4; *see also* CR:2740 at ¶18, and CR:2495 at ¶50. Thus, as the trial court found, the right to assert Legion's breach of contract claim against Hill Brothers includes the duty to file the suit within four years of the accrual of Legion's claim against Hill Brothers. CR:3790.

In Texas, the statute of limitations for breach of contract is four years. Tex. Civ. Prac. & Rem. Code § 16.051. "It is well-settled law that a breach of contract claim accrues when the contract is breached." *Via Net v. TIG Ins.*, 211 S.W.3d 310, 314 (Tex. 2006) (quoting *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002)). A breach occurs when a party fails or refuses to do something it has promised to do. *Santander Consumer USA, Inc. v. Palisades Collection, LLC*, 447 S.W.3d 902, 906 (Tex. App.—Dallas 2014, pet. denied) (citing *Capstone Healthcare Equip. Servs., Inc. v. Quality Home Health Care, Inc.*, 295 S.W.3d 696, 699 (Tex. App.—Dallas 2009, pet. denied)); *see also Kendziorski v. Saunders*, 191 S.W.3d 395, 403 (Tex. App.—Austin 2006, no pet.). In the case of a continuing contract, a claim for damages for breach of the contract accrues when the injured party elects to treat the contract as terminated. *F.D. Stella Prods. Co. v. Scott*, 875 S.W.2d 462, 464-65 (Tex. App.—Austin 1994, no writ).

It is undisputed that beginning April 1, 2002, Hill Brothers stopped making premium payments to Legion under the Policy. CR:2095, 2097. As a result, on

May 21, 2002, Legion notified Hill Brothers that it was terminating the Policy for non-payment effective June 2, 2002. CR:2095. Accordingly, Legion's breach of contract claim, asserted here by the Guaranty Associations, accrued on either April 1, 2002 (when Hill Brothers stopped paying premiums) or on June 2, 2002 (the effective date of Legion's termination of the Policy) and ran on April 1, 2006, or June 2, 2006, respectively. Either way, the Guaranty Associations' suit was filed nearly three years too late.

**2. The Guaranty Associations' acquisition of standing to sue Hill Brothers does not control when limitations on Legion's breach of contract claim accrued.**

The Guaranty Associations insist that limitations did not begin to run on April 1, 2002, because they did not have standing to sue Hill Brothers for breach of the Policy at that time. *See* Appellants' Brief at 20-22. The implication is that limitations on their breach of contract claim could not accrue until their respective statutory obligations to pay "covered claims" on Legion's behalf had been triggered – which occurred on October 25, 2002, for TPCIGA (when the Texas Commissioner of Insurance issued an Order of Impairment designating Legion as an impaired insurer), and July 28, 2003, for CIGA and OPCIGA (when the Commonwealth Court of Pennsylvania declared Legion insolvent). *Id*. They are mistaken.

9

The Guaranty Associations' attempt to tie the accrual of limitations to their acquisition of standing to sue ignores the reality that they are asserting *Legion's* breach of contract claim. When they acquired standing to sue Hill Brothers is immaterial to when Legion's breach of contract claim accrued for limitations purposes.

Moreover, even if the four-year limitations period did not start running until the Guaranty Associations acquired standing to assert Legion's breach of contract claim (October 25, 2002, for TPCIGA, and July 28, 2003, for CIGA and OPCIGA), the suit would still be untimely.

**3.      The Guaranty Associations' breach of contract claim accrued upon Hill Brothers' breach of the contract, not the Guaranty Associations' initial payments of covered claims.**

The Guaranty Associations contend that limitations could not accrue on their breach of contract claim before they actually paid the covered claims under the Policy, which did not occur until after their statutory obligations had been triggered. *See* Appellants' Brief at 22-23. Essentially, the Guaranty Associations argue that they had no right to sue Hill Brothers for breach of its contractual obligation to reimburse deductible payments the Guaranty Associations made on Hill Brothers' behalf until the Guaranty Associations actually made the deductible payments.

10

Again, the Guaranty Associations overlook that they are not asserting their own, independent breach of contract claim against Hill Brothers. They are asserting Legion's breach of contract claim. And, as explained above, Legion's breach of contract claim accrued no later than June 2, 2002. The Guaranty Associations filed suit nearly seven years later, well outside the limitations period.

Moreover, the first payments by each of the Guaranty Associations of a "covered claim" under the Policy were made on March 4, 2003 (CIGA), September 24, 2003 (OPCIGA), and October 7, 2003 (TPCIGA). Even if limitations did not begin to run until these initial payments were made, the Guaranty Associations' suit is untimely.

### 4. Hill Brothers repudiated its contract with Legion prior to refusing the Guaranty Associations' demand for reimbursement.

The Guaranty Associations correctly observe that the deductible endorsements in the Policy required Legion to make demand on Hill Brothers for reimbursement of deductible amounts paid on Hill Brothers' behalf. *See* Appellants' Brief at 23. Based on this fact, they argue that their breach of contract action did not accrue on April 1, 2002, because at that time they had not yet made demand for reimbursement of their payments of covered claims within the Policy's deductible limit. *Id.* at 24. Effectively, they maintain that Hill Brothers did not

11

breach the Policy until it refused to comply with the Guaranty Associations' reimbursement demand. They are wrong.

The Guaranty Associations argument overlooks two critical facts: (1) they are asserting Legion's breach of contract claim, and (2) there was more than one alleged breach of the Policy. The Guaranty Associations focus on the second claimed breach – Hill Brothers' refusal to comply with its continuing obligation under the Policy to reimburse on demand the deductible portions of claims paid on Hill Brothers' behalf for injuries occurring while the Policy was in force. As explained above, however, the statute of limitations on a breach of contract claim accrues upon breach of the contract. And it is undisputed that Hill Brothers initially breached the Policy on April 1, 2002, when it failed to pay monthly premiums. This initial breach led to Legion's termination of the Policy and started the limitations clock running.

Even assuming the Policy is a continuing contract, as the Guaranty Associations contend, Hill Brothers' second breach of the Policy did not start a new limitations period. As discussed below, limitations begin to run on a claim for damages for breach of a continuing contract when the injured party – in this case Legion – elects to repudiate or terminate the contract. *F.D. Stella Prods. Co.*, 875 S.W.2d at 464-65. In this case, Legion terminated the contract effective June 2,

12

2002. Because Legion elected to terminate the Policy, Hill Brothers' subsequent failures to perform under the Policy – *i.e.*, reimburse on demand deductibles paid on its behalf – are irrelevant to the determination of when limitations accrued.

The Guaranty Associations are the same as any assignee of a contract or contract claim—they bought or acquired by operation of law only the contract or claim that the assignor had. Here, the Guaranty Associations acquired a claim already barred in the event the affirmative defense of limitations was asserted.

**B.    The Guaranty Associations' delay in filing suit is unreasonable as a matter of law.**

The Guaranty Associations contend that under the Policy, demand for reimbursement of deductibles is a prerequisite to filing their breach of contract suit against Hill Brothers. *See* Appellants' Brief at 25. They further claim that their delay in making such demand resulted from their compliance with Section 221.23a of Pennsylvania's statutory scheme governing the involuntary dissolution of insurers doing business in Pennsylvania. *Id.* at 26-28. According to the Guaranty Associations, the reasonableness of their delay in making demand for reimbursement from Hill Brothers is a fact question that renders summary judgment inappropriate. *Id*. at 28-29.

The timeliness of the Guaranty Associations' demand for reimbursement is a red herring.  As discussed above, limitations had already begun to run on Legion's

13

breach of contract claim when the Guaranty Associations made their first demand for reimbursement.

In addition, the Guaranty Associations' reliance on Section 221.23a is misplaced. The Guaranty Associations argue that under Section 221.23a(g), they "were not permitted to initiate their own collection efforts until Legion in Liquidation failed to make a good faith effort to collect deductibles." Appellants' Brief at 27. Whether and when the Guaranty Associations could begin their own collection efforts, however, has no impact on the accrual of limitations. Section 221.23a merely directs the Pennsylvania receiver to make a good faith attempt to collect deductible amounts from an insured or an insured's deductible reimbursement policy "for the benefit of" guaranty associations who paid claims on behalf of the insured. *See* 40 Pa. Cons. Stat. § 221.23a(f)(1), (g). The statute does not say that limitations periods for an insolvent insurer's existing claims against an insured are tolled while the receiver attempts collection on behalf of the Guaranty Associations. To the contrary, Section 221.23a(g) expressly states: "The policyholder [Hill Brothers] shall retain any and all defenses that may be asserted in connection with the receiver's efforts to collect reimbursements from the policyholder." *Id.* § 221.23a(g). Simply put, the statute does not toll the running of

14

limitations on Legion's contractual claim (asserted here by the Guaranty Associations) for reimbursements of deductibles paid on Hill Brothers' behalf.

**C.**     **All of the Guaranty Associations' reimbursement claims are barred by limitations.**

The Guaranty Associations contend that because the Policy was a continuing contract, their claim for breach of the Policy did not accrue until they fully performed under the Policy – *i.e.*, when they made their final payments of covered claims – which was less than four years before they filed suit. *See* Appellants' Brief at 30-31. As a result, they insist their suit was timely filed. Alternatively, they claim that "[w]hile the statute of limitations may bar recovery for payments made four years *before* suit was filed, it will not bar recovery for deductible payments made by the Guaranty Associations *within* four years of the date the suit was filed." *Id*. at 33 (emphasis in original). Essentially, they contend that a separate cause of action with its own limitations period accrued for every unreimbursed deductible payment they made on Hill Brothers' behalf. Both arguments should be rejected.

When one party does not perform a material obligation under a continuing contract, the other party to the contract generally has two options. *See F.D. Stella Prods.*, 875 S.W.2d at 464. The first option is to treat the contract as still in force and sue for specific performance under the contract. *Id.* The second option is to

15

treat the failure to perform as a complete breach and terminate the contract. *Id*. In *F.D. Stella Prods.*, this Court made clear that a "cause of action for 'damages' for breach of contract accrues only if the injured party elects to treat the contract as terminated." *Id*. The Court also explained that "the statute of limitations on a claim for damages for breach of contract begins to run only when the injured party elects to treat the contract as terminated." *Id*. at 464-65.

The Guaranty Associations contend "the statute of limitations on the deductible endorsements of the Policy accrued when the Guaranty Associations fully performed on the contract" because "the deductible endorsements of the Policy were never terminated by any party, and because the Guaranty Associations did not adopt any anticipatory repudiation by Hill Brothers." Appellants' Brief at 31. But the deductible endorsements were simply endorsements to the Policy; they were not separate contracts. The Policy is the only contract at issue, and it no longer existed. It is undisputed that in response to Hill Brothers' non-payment of premiums, Legion terminated the Policy on June 2, 2002. As the Guaranty Associations concede, if the Policy is a continuing contract then its termination triggered limitations on their claim for damages for breach of the Policy. *Id*. at 30 (acknowledging that limitations begins to run on a claim for breach of a continuing contract at the earlier of the following: "(1) when the work is completed; (2) when

16

the contract is terminated in accordance with its terms; or (3) when the contract is anticipatorily repudiated by one party and this repudiation is adopted by the other party"). Moreover, because Legion elected to terminate the Policy, the Guaranty Associations do not have the right to maintain separate causes of action for each of their unreimbursed deductible payments. *See F.D. Stella Prods.*, 875 S.W.2d at 464.

Here it is undisputed that Legion terminated the Policy on June 2, 2002. CR:2095. As such, Legion's—and thus the Guaranty Associations'—breach of contract claim against Hill Brothers accrued, at the latest, on June 2, 2002. Because the Guaranty Associations did not file suit until March 31, 2009, the trial court correctly concluded that the suit is time barred.

## II. CROSS-POINT: Alternatively, the summary judgment should be affirmed on the ground that the Guaranty Associations are not proper parties to sue for breach of contract.

In its motion for summary judgment, Hill Brothers argued that summary judgment was proper because the Guaranty Associations are not proper parties to sue Hill Brothers for breach of the Policy as a matter of law. CR:2058-59 at ¶46. Specifically, Hill Brothers asserted the Guaranty Associations are not parties to the Policy, do not stand in the shoes of Legion for purposes of enforcing the Policy, and are not third-party beneficiaries of the Policy. *Id*. In addition, Hill Brothers

noted that the Guaranty Associations lacked the statutory authority to sue Hill Brothers for breach of contract. CR:2039-40, 2042-44 at ¶¶ 5, 9-10. The statutes relied on by the Guaranty Associations merely afford them the right to act as the insolvent insurer to administer and defend claims.

The trial court denied summary judgment on this ground. However, in the event that this Court determines that the Guaranty Associations' suit is timely, Hill Brothers requests, in the interest of judicial economy, that the Court consider whether the summary judgment can be affirmed on this alternative ground. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996) (holding that "courts of appeals should consider all summary judgment grounds the trial court rules on and the movant preserves for appellate review that are necessary for final disposition of the appeal when reviewing a summary judgment").

The Guaranty Associations insist they have the right to enforce the Policy within the scope of their enabling statutes. Appellants' Brief at 3. As the bases for their alleged statutory authority, the Guaranty Associations cite Cal. Ins. Code Ann. § 1063.2(b), 36 Okla. Stat. Ann. § 2007(A)(2), and Tex. Ins. Code art. 21.28-C § 8(b).[2] *Id.* at 3 n.4. These statutes, however, do not authorize the Guaranty

---

[2] Cal. Ins. Code Ann. § 1063.2(b) provides, "The association shall be a party in interest in all proceedings involving a covered claim, and shall have the same rights as the insolvent insurer

18

Associations to stand in an insolvent insurers' shoes for purposes of filing a common-law breach of contract claim to enforce an insured's obligation.

Other courts have construed statutes virtually identical to those cited by the Guaranty Associations and held that the rights provided by the statutes are much more limited in scope than the Guaranty Associations contend. For example, in *Gen. Reinsurance Corp. v. Am. Bankers Ins. Co.*, 996 A.2d 26 (Pa. Commw. Ct. 2009), the Mississippi Insurance Guaranty Association (MIGA) argued that by virtue of Mississippi statutory law and Legion's insolvency, "it stands in the shoes of Legion with respect to" certain reinsurance policies held by Legion. 996 A.2d at 32. MIGA relied on Section 83-23-115(1)(b) of the Mississippi Code, which states

---

would have had if not in liquidation, including, but not limited to, the right to: (1) appear, defend, and appeal a claim in a court of competent jurisdiction; (2) receive notice of, investigate, adjust, compromise, settle, and pay a covered claim; and (3) investigate, handle, and deny a noncovered claim. The association shall have no cause of action against the insureds of the insolvent insurer for any sums it has paid out, except as provided by this article." 36 Okla. Stat. Ann. § 2007(A)(2) states, "The Association shall:…(2) Be deemed the insurer to the extent of the obligations on covered claims and to that extent shall have all rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent." Tex. Ins. Code art. 21.28-C § 8(b) states, "The association shall undertake to discharge the policy obligations of the impaired insurer, including the duty to defend insureds under a liability policy, to the extent that the policy obligations are covered claims under this Act. In performing its statutory obligations, the association may also enforce any duty imposed on the insured party or beneficiary under the terms of any policy of insurance within the scope of this Act. In performing its statutory obligations under this Act, the association shall not be considered to be in the business of insurance, shall not be considered to have assumed or succeeded to any liabilities of the impaired insurer, and shall not be considered to otherwise stand in the shoes of the impaired insurer for any purpose, including the issue of whether the association is amenable to the personal jurisdiction of the courts of any other state."

19

that MIGA shall be "deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent." *Id*. (quoting Miss. Code § 83-23-115(1)(b)). MIGA insisted that this statute authorized it to assert Legion's rights under the reinsurance policy. *Id*. The *Gen. Reinsurance Corp.* court disagreed, noting that "other guaranty associations have tried this argument before, but never with success." *Id*. at 32-33 (citing *General Reinsurance Corp. v. Missouri General Insurance Co.*, 458 F.Supp. 1 (W.D. Mo. 1977) and *Skandia America Reinsurance Corp. v. Schenck*, 441 F.Supp. 715 (S.D. N.Y. 1977)). Ultimately, the court held that:

> Section 83-23-115(1)(b) of the Mississippi Code authorizes MIGA to act as "insurer" for purposes of adjusting and paying claims. Accordingly, MIGA can assert defenses to a claim that Legion could have asserted. For example, MIGA can, as could have Legion, deny a claim for the reason the policy in question had been cancelled for non-payment of premium. Likewise, MIGA is "Legion" for purposes of pursuing a subrogation claim against a third-party tortfeasor who may have caused the injury that triggered liability under a workers' compensation policy issued by Legion.

*Id*. at 34-35. The court further explained that the purpose of the statute is to deem the guaranty association the "insurer" for "purposes of claims administration but not for purposes of estate administration." *Id*. at 36.

20

It is the statutorily-assigned liquidator's job to administer the assets of the estate, which includes the insolvent insurer's causes of action. In fact, Legion's liquidation order makes this clear, stating that the "Liquidator is vested with title to all property, assets, contracts and rights of action ("assets") of Legion of whatever nature and wherever located, held as of the date of filing of the Petition for Liquidation." CR:3394 at ¶7. The liquidation order also provides that the "Liquidator is hereby **VESTED** with all the powers, rights, and duties authorized under Article V and other applicable statute and regulation." CR:3394 at ¶5. And, under Pennsylvania law, the liquidator is expressly empowered to "collect all debts and moneys due and claims belonging to the insurer" and institute suits on behalf of the insurer when necessary and economical. 40 Pa. Cons. Stat. § 221.23(6), (12).

The Guaranty Associations simply lack the statutory authority to file a common-law breach of contract claim to enforce any right to reimbursement against the insured. Such a suit could have been brought by Legion's liquidator, assuming it was filed in a timely manner. At this point, however, the Guaranty Associations' remedy is to seek reimbursement from Legion's estate by filing a proof of claim with the Pennsylvania liquidator.

21

## CONCLUSION AND PRAYER

For the foregoing reasons, Appellee Hill Brothers Transportation, Inc., respectfully requests that this Court affirm the trial court's summary judgment in all respects, that it be awarded its costs associated with this appeal, and all such other and further relief to which it may be justly entitled.

Respectfully submitted,

**DUGGINS WREN MANN & ROMERO, LLP**

By: _/s/ Patrick J. Pearsall_
Patrick J. Pearsall
State Bar No. 24047492
ppearsall@dwmrlaw.com
Adrian R. Ciechanowicz
State Bar No. 24045659
aciechanowicz@dwmrlaw.com
P. O. Box 1149
Austin, Texas 78767-1149
(512) 744-9300
(512) 744-9399 *fax*

**ATTORNEYS FOR APPELLEE**
**HILL BROTHERS TRANSPORTATION,**
**INC.**

22

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 4,967 words in the portions of the document that are subject to the word limits of Texas Rule of Appellate Procedure 9.4(i), as measured by the undersigned's word-processing software.

*/s/ Patrick J. Pearsall*
Patrick J. Pearsall

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 9.5, I certify that on the 8th day of September, 2015, the foregoing document was electronically filed with the Clerk of the Court using the electronic case filing system of the Court, and that a true and correct copy was served on the following lead counsel for all parties listed below via electronic service:

Dan Price
STONE LOUGHLIN & SWANSON, LLP
P. O. Box 30111
Austin, Texas 78755
dprice@slsaustin.com
*Counsel for Appellants*

*/s/ Patrick J. Pearsall*
Patrick J. Pearsall

24