**Reverse and Remand in part; Reverse and Render in part; Affirmed in part and Opinion Filed October 30, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01459-CV

### SANTANDER CONSUMER USA, INC., Appellant
### V.
### PALISADES COLLECTION, LLC, Appellee

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-14916**

## OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Bridges

Santander Consumer USA, Inc. appeals the trial court's order granting Palisades Collection, LLC's motions for summary judgment. In three issues, Santander argues the trial court erred because (1) Palisades failed to plead and prove a breach of contract claim as a matter of law; (2) Santander presented uncontroverted summary judgment evidence that its statute of limitations affirmative defense applied; and (3) Palisades' corporate representative presented conflicting testimony, which created a genuine issue of material fact as to Palisades' breach of contract counterclaim. We affirm in part, reverse and remand in part, and reverse and render in part.

## Background

Santander is in the business of originating, owning, and servicing consumer loans, which typically involve automobile loans. Palisades is in the business of purchasing delinquent loan accounts at a discount and attempting to collect on them. Palisades and Santander entered into two agreements whereby Santander sold Palisades delinquent accounts.

On or about June 28, 2007, Santander sold certain charge off accounts arising from automobile retail installment contracts to Palisades. This first agreement between the parties was referred to as the "debt portfolio purchase and sales agreement." The second agreement, referred to as the "forward flow debt purchase and sale agreement," controlled the terms of future sales of delinquent accounts.

Under the debt portfolio agreement, Santander was required to provide all of the "Account Documents" related to the "Purchased Accounts" within ten business days of the "Effective Date" of the agreement. The forward flow agreement included a similar requirement, but instead of ten days, Santander was required to provide the account documents within two days after the "Initial Sales Date and any Future Sale Date(s)." "Account Documents" was defined in both agreements as follows:

> any application, agreement, billing statement, notice, retail installment sale contract, certificate of title, certificate of lien, manufacturer's statement of origin, sale notices, repossession letters, correspondence or other information in SELLER's possession or that Seller has the right to obtain and that relates to a Purchased Account.

Palisades purchased various delinquent accounts from Santander from June 28, 2007 through May 21, 2008. According to Santander, it agreed to repurchase any accounts Palisades determined to be "ineligible accounts" pursuant to the terms of the agreements within 180 days of purchase.

Palisades later alleged Santander failed to provide all necessary documents, and a large number of the accounts were invalid, unenforceable, and/or subject to certain offsets or defenses due to the fact that they were missing notices of sale or notices of deficiency. Palisades made numerous requests for Santander to repurchase the accounts in question, but Santander only honored some of the requests. Palisades continued to argue that Santander was obligated to repurchase all of the accounts in question per the agreements.

The underlying litigation began when Palisades filed a petition for order authorizing deposition on oral examination against Santander. *See* TEX. R. CIV. P. 202. Palisades sought to depose Santander regarding certain accounts purchased under the agreements. Santander responded by filing suit requesting declaratory judgment that it did not breach any agreements entered into by the parties. Palisades filed a counterclaim asserting breach of contract and fraud. Santander then filed a supplemental petition alleging breach of contract and filed its original answer to Palisades' counterclaims asserting sixteen affirmative defenses, including statute of limitations. Both parties filed numerous traditional and no-evidence motions for summary judgment.

On September 20, 2013, the trial court entered an order granting Palisades motion regarding the 33,794 accounts referenced in its first amended motion for summary judgment on its claims for relief "as having no deficiency balance letter" and granted Palisades' motion "relating to [Santander's] claims and defenses, including, but not limited to, Palisades' No Evidence Motion for Summary Judgment on [Santander's] Affirmative Defenses." The trial court further awarded $3,613,821.36 in damages. Santander timely filed its notice of appeal.

### Standard of Review

We review a trial court's granting of a traditional summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When reviewing a

summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* Under rule 166a(c), the party moving for summary judgment bears the burden that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166c(a); *see id.* at 216.

A plaintiff moving for summary judgment must prove that it is entitled to summary judgment as a matter of law on each element of its cause of action. *Frank's Int'l, Inc. v. Smith Int'l, Inc.*, 249 S.W.3d 557, 562 (Tex. App.—Houston [1st Dist.] 2008, no pet.). A defendant moving for summary judgment must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each element of an affirmative defense to rebut the plaintiff's cause. *Id.*

When, as here, both parties move for summary judgment and the trial court grants one motion and denies the other, we review the summary judgment proof presented by both sides and determine all questions presents.[1] The reviewing court should render the judgment the trial court should have rendered. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

### Palisades' Breach of Contract Counterclaim

In its first amended motion for summary judgment on its own claims for relief, Palisades argued it was entitled to judgment as a matter of law because there was no issue of material fact as to any element of its breach of contract counterclaim against Santander. Palisades relied on paragraph 8(d) of the agreements to support its breach of contract counterclaim, which states the following:

---

[1] We acknowledge that the trial court's order specifically grants Palisades' summary judgment motion as to its breach of contract counterclaim against Santander, and the record does not have an order denying Santander's motion for summary judgment on Palisades' breach of contract claim. However, in some cases a trial court's ruling can be implied and this is such a case. The parties' motions involved the same subject matter, a breach of contract, and the order awarded damages in favor of Palisades. It further stated it disposed of "all issues, all claims, counter-claims, defenses and pleas of avoidance of all parties and is final and appealable." Such rulings in favor of Palisades necessarily denied Santander's motion for summary judgment. *See Frank's Int'l*, 249 S.W.3d at 559 n.2; *see also Chu v. Chew*, No. 05-00-02107-CV, 2002 WL 59269, at *2 n.4 (Tex. App.—Dallas Jan. 17, 2002, pet. denied).

–4–

> The Purchased Accounts were purchased, serviced, and originated in accordance with all applicable laws, and as of the Effective Date represent valid, binding and legally enforceable obligations of the Customers regarding such Purchased Accounts, enforceable for the full Unpaid Principal Balance in accordance with their terms and not subject to any offsets or defenses.

Palisades argued in its motion that it had discovered a large number of the accounts in question were (1) not valid, binding, and legally enforceable obligations of customers regarding such purchased accounts; (2) not enforceable for the full unpaid principal balance in accordance with their terms; and (3) subject to offsets or defenses because documents were not furnished and/or were not available to support collection of the accounts including, but not limited to, notices of sale and/or notices of deficiency. Palisades further argued paragraph 10(b) obligated Santander to repurchase accounts in the event of any breach of a representation or warranty as set forth in paragraph 8(d).

Santander subsequently filed a traditional and no-evidence motion for summary judgment on Palisades' breach of contract counterclaims. It argued certain claims were barred as a matter of law by the statute of limitations. It further asserted Palisades failed to prove a breach of contract as a matter of law, and there was no evidence to support its claims.

Santander later filed a response to Palisades' motion in which it presented evidence and argued it had not breached the agreements and contended a genuine issue of material fact existed regarding whether it had in fact provided Palisades with deficiency notices.

Because Santander's statute of limitations defense, as presented in its traditional motion for summary judgment, defeats some of Palisades' contract counterclaims as a matter of law, we address it first. As a general rule, the statute of limitations for a breach of contract action is four years from the day the cause of action accrued. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a) (West 2002); *Via Net v. TIG Ins. Co*., 211 S.W.3d 310, 315 (Tex. 2006). A breach of contract claim accrues when the contract is breached. *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002).

A breach occurs when a party fails or refuses to do something it has promised to do. *Capstone Healthcare Equip. Servs., Inc. v. Quality Home Health Care, Inc.*, 295 S.W.3d 696, 699 (Tex. App.—Dallas 2009, pet. denied).

Here, the evidence shows the parties entered into the two agreements on June 28, 2007. Under the debt portfolio agreement, Santander was required to provide all account documents related to the purchased accounts within ten business days of June 28, 2007. Thus, Santander had until July 13, 2007 to comply.

As stated above, Palisades' breach of contract counterclaim was based on Santander's failure to provide certain required "account documents" under paragraph 8(d) within ten business days of the "effective date," which allegedly breached the "representations and warranties regarding purchased accounts" under paragraph 10(b). Paragraph 8(d) provided that the purchased accounts were valid and enforceable "as of the Effective Date," which was June 28, 2007. Accordingly, Palisades was required to file suit as to a breach of the debt portfolio agreement no later than July 13, 2011, four years after the tenth day after the "effective date." Palisades did not file its counterclaim for breach of contract until January 3, 2012, and Palisades has not brought forth any evidence asserting that the statute of limitations for its breach of contract counterclaim began to run on any date other than ten days after the "effective date." Further, Palisades has not argued the application of any legal theory for deferring this date. Therefore, Santander conclusively established as a matter of law that all of Palisades' claims under the debt portfolio agreement are barred under the statute of limitations. To the extent the trial court granted Palisades' traditional motion for summary judgment for accounts under the debt portfolio agreement "having no deficiency balance letter" and denied Santander's traditional motion, we reverse and render in favor of Santander. *See Valence Operating Co.*, 164 S.W.3d at 661 (explaining when both parties move for summary judgment, the reviewing court considers

all evidence presented and renders judgment the trial court should have rendered); *see also Burney v. Citigroup Global Mkts. Realty Corp.*, 244 S.W.3d 900, 904 (Tex. App.—Dallas 2008, no pet.) (reversing and rendering judgment after determining claims were barred by statute of limitations).

We now address the forward flow agreement, which the parties also entered into on June 28, 2007. It required delivery of account documents within two days after the initial sale date and any future sale dates. The sale dates and document delivery dates governed by this agreement were as follows:

> a. July 23, 2007 (delivery date July 25, 2007)
>
> b. July 26, 2007 (delivery date July 28, 2007
>
> c. August 29, 2007 (delivery date August 31, 2007)
>
> d. September 25, 2007 (delivery date September 27, 2007)
>
> e. September 26, 2007 (delivery date September 28, 2007)
>
> f. October 29, 2007 (delivery date October 31, 2007)
>
> g. November 27, 2007 (delivery date November 29, 2007)
>
> h. December 21, 2007 (delivery date December 23, 2007)
>
> i. January 22, 2008 (delivery date January 24, 2008)
>
> j. February 21, 2008 (delivery date February 23, 2008)
>
> k. April 1, 2008 (delivery date April 3, 2008)
>
> l. April 29, 2008 (delivery date May 1, 2008)
>
> m. May 21, 2008 (delivery date May 23, 2008)

Again, Palisades filed its counterclaims on January 3, 2012. Applying the four-year statute of limitations to the above dates of transferred accounts, any claims by Palisades to accounts transferred before January 3, 2008 are time-barred. The trial court's conclusion to the contrary was in error.

In reaching this conclusion, we reject Palisades' argument that its counterclaims survive under Texas Civil Practice and Remedies Code section 16.069. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.069 (West 2008) (stating that if a counterclaim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim even though as a separate action it would be barred by limitations on the date the party's answer is required). Palisades failed to affirmatively plead this theory of avoidance as to the application of the statute of limitations below. *See* TEX. R. CIV. P. 94; *see also Cole v. McWillie*, No. 11-12-00265-CV, 2014 WL 4347844, at *6 (Tex. App.—Eastland Aug. 29, 2014, no pet.) (mem. op.) (concluding summary judgment could not be affirmed based on section 16.069 when party failed to raise argument to trial court). Therefore, Palisades has failed to preserve its argument. *Cole*, 2014 WL 4347844, at *6.

In conclusion, we sustain Santander's second issue to the extent the trial court granted Palisades' traditional motion for summary judgment, and denied Santander's traditional motion for summary judgment, as to those accounts under the debt portfolio agreement "having no deficiency balance letter." We likewise sustain Santander's second issue to the extent the trial court granted Palisades' traditional motion for summary judgment, and denied Santander's traditional motion for summary judgment, as to those accounts under the forward flow agreement transferred before January 3, 2008 "having no deficiency balance letter." As such, we reverse and render as to these accounts. *See Valence Operating Co.*, 164 S.W.3d at 661.

We must now determine whether Palisades proved its counterclaim for breach of contract as a matter of law as to those accounts Palisades purchased under the forward flow agreement after January 3, 2008. Santander argues in its third issue that Palisades own summary judgment evidence creates a fact issue defeating its motion as a matter of law, or alternatively, Santander presented evidence to create a fact issue defeating summary judgment.

–8–

In support of its traditional motion for summary judgment, Palisades attached the affidavit of Steve Braun, the assistant vice-president of operations and director of litigation for Palisades. Braun stated he was "familiar with the problems encountered by Palisades with collection of certain of the accounts purchased pursuant to the Agreements and the efforts of Palisades to persuade Santander to repurchase those accounts." Braun described a CD that contained spreadsheets detailing whether Palisades had collected on certain accounts. Attached to Braun's affidavit were three exhibits, which he referred to as "exemplars" of the larger spreadsheets. He described the modified spreadsheets as follows:

> These spreadsheets are identical to the spreadsheets by the same name previously provided to Santander but excluding the accounts on which any sum of money was collected. Palisades has collected no sum of money on any of the accounts included in the no payments spreadsheets. . . . The no payments spreadsheets accurately reflect the accounts for which Palisades seeks compensation in this suit and the reasons why Santander should have repurchased these accounts.

He further explained that one modified spreadsheet established the no payment of 33,794 accounts, in which Palisades paid $3,613,821.36, and no deficiency balance letter was provided for any of the accounts. He stated he personally confirmed that no deficiency balance letters were provided for any of the accounts by conducting a random sampling of more than one hundred of the accounts (out of the 33,794 accounts).

Two months earlier, however, Braun testified at his deposition that he did not know if Palisades was successful in any of its attempts to collect on the debt for the accounts it wanted Santander to repurchase. When asked if he was aware of any document in Palisades' possession that would reflect the successfulness or unsuccessfulness of any attempts to collect on those accounts, Braun said, "I don't know of any such document." Palisades failed to explain how Braun, who previously stated he had no knowledge of collection efforts or any such related documents, could attest to such information in a later affidavit. This conflict in evidence

between Braun's earlier deposition testimony and his subsequent affidavit testimony creates conflicting inferences about his knowledge to testify regarding Palisades' attempts to collect on certain accounts. Therefore, Braun's testimony failed to establish as a matter of law that there is no genuine issue of material fact as to Palisades' breach of contract counterclaim. *See* TEX. R. CIV. P. 166a(c) (stating summary judgment may be founded upon the testimony of an interested witness if the testimony is clear, direct, positive, credible, free from contradiction or inconsistency and readily controvertible); *see also Kirkwood v. Primacare, Inc.*, No. 05–97–01934–CV, 2000 WL 124675, at *2 (Tex. App.—Dallas Feb.3, 2000, no pet.) ("If conflicting inferences may be drawn from a deposition and an affidavit filed by the same party in opposition to a motion for summary judgment, a fact issue is presented.") (citing *Randall v. Dallas Power & Light Co.*, 752 S.W.2d 4, 5 (Tex. 1988)); *Green v. Unauthorized Practice of Law Comm.*, 883 S.W.2d 293, 297 (Tex. App.—Dallas 1994, no writ). In reaching this conclusion, we disagree with Palisades' assertion that Santander failed to raise this issue to the trial court. In its response, Santander alleged, among other things, that Braun claimed to have no knowledge of whether Palisades was successful in any of its attempts to collect on the debt for the accounts in question and cited to his deposition. Thus, the issue was before the trial court.

Moreover, even if we agreed with Palisades' argument that Braun's testimony did not create a conflict and the "only issue . . . preserved by Santander was whether or not the summary judgment evidence showed that Santander did, in fact, provide Palisades with the deficiency notices in question," the record supports Santander's argument that it raised a fact issue precluding summary judgment. Santander attached the affidavit of Brandon Dry to its response. Dry, as the prior assistant vice-president of loss mitigation for Santander, oversaw and monitored past due accounts. He testified Santander had an automated process for sending notice of deficiency letters and the process had been in place since 2003. He stated the review of several

–10–

accounts sold to Palisades and the collection activity notes stated a deficiency notice was sent to the customers, and such information was provided to Palisades. Thus, Dry's affidavit created a fact issue in regards to Braun's testimony that Palisades did not receive notices of deficiency. *See, e.g., Chancey v. Herkimer*, No. 05-97-01923-CV, 2000 WL 872496, at \*2 (Tex. App.— Dallas June 30, 2000, pet. denied) (noting the summary judgment rule does not provide for trial by deposition or affidavit). Accordingly, the trial court erred by granting Palisades' traditional motion for summary judgment on its breach of contract counterclaim as to those accounts under the forward flow agreement that are not barred by the statute of limitations. We sustain Santander's third issue. Having sustained, in part, Santander's second and third issues, we need not address its first issue . TEX. R. APP. P. 47.1.

**Palisades No Evidence Motion for Summary Judgment on Santander's Affirmative Defenses**

Although not specifically raised in its "Issues Presented," Santander argues, "When this Court reverses the trial court's ruling granting Palisades' summary judgment on its breach of contract claim, it should also vacate the trial court's ruling dismissing the affirmative defenses" as presented in Palisades' no evidence motion for summary judgment on Santander's affirmative defenses. We agree with Santander's argument in part.

In Santander's first supplemental petition and original answer to Palisades' breach of contract counterclaim, Santander raised sixteen affirmative defenses.[2] Palisades subsequently filed a no evidence motion for summary judgment on affirmative defenses, which the trial court granted.

Trial courts may not grant a summary judgment on grounds not presented. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002); *Plunkett v. Conn. Gen. Life Ins. Co.*,

---

[2] Santander later voluntarily withdrew seven of its affirmative defenses, leaving nine affirmative defenses before the trial court when the summary judgment order was entered.

285 S.W.3d 106, 122 (Tex. App.—Dallas 2009, pet. denied). Further, we may not affirm a summary judgment on grounds not expressly set out in the motion or response. *Plunkett*, 285 S.W.3d at 122. Therefore, if a summary judgment grants more relief than requested, it should be reversed and remanded. *Id*.

Here, Despite Palisades' arguments to the contrary, it failed to challenge three of Santander's affirmative defenses: disclaimer of warranty, breach of contract, and discharge.[3] Because the trial court's order granted Palisades' no evidence motion for summary judgment on affirmative defenses in its entirety, it improperly granted judgment on grounds not presented in Palisades' motion and granted more relief than requested. Accordingly, we reverse the trial court's order granting summary judgment on Santander's affirmative defenses of disclaimer of warranty, breach of contract, and discharge, and remand for further proceedings.

Santander also argues the trial court erred by granting Palisades' no evidence motion for summary judgment as to its remaining five affirmative defenses: statute of limitations, unconscionability, contractual limitation of liability, repudiation, and wavier. Having concluded Santander established its statute of limitations defense as a matter of law, its argument as to this affirmative defense is moot. TEX. R. APP. P. 47.1; *see Shia v. Tamisiea*, 306 S.W.3d 939, 945 n.8 (Tex. App.—Dallas 2010, no pet.) (noting that when an appellate court concludes it is required to affirm the trial court's ruling on traditional summary judgment grounds, it need not address the no evidence grounds).

However, we disagree with Santander's contention that we must vacate the trial court's order as to its remaining four affirmative defenses. Santander argues it "briefed the issues extensively below," but it failed to brief its arguments on appeal. To raise an issue on appeal, a

---

[3] Santander contends Palisades also failed to challenge its affirmative defense of ratification, but a review of Palisades' no evidence motion for summary judgment belies its argument.

party must provide clear and concise arguments for the contentions made. TEX. R. APP. P. 38.1. Mere reference to its summary judgment response is not an appropriate way to make arguments on appeal. *See Redmon v. Griffith*, 202 S.W.3d 225, 241 (Tex. App.—Tyler 2006, pet. denied); *see also Yazdchi v. Chesney*, No. 14-05-00817-CV, 2007 WL 237697, at *2 (Tex. App.— Houston [14th Dist.] Jan. 30, 2007, no pet.) (mem. op.). Accordingly, we conclude Santander has waived its arguments as to its remaining affirmative defenses. The trial court's order granting Palisades' no evidence motion for summary judgment on Santander's affirmative defenses is affirmed as to the affirmative defenses of unconscionability, contractual limitation of liability, repudiation, and waiver.

## Conclusion

We reverse the trial court's judgment to the extent it granted Palisades' traditional motion for summary judgment for accounts under the debt portfolio agreement and for accounts under the forward flow agreement sued upon before January 3, 2008. We render judgment in favor of Santander on these claims.

We reverse and remand for further proceedings as to those accounts in the forward flow agreement sued upon after January 3, 2008.

As to the trial court's judgment granting Palisades' no evidence motion for summary judgment on Santander's affirmative defenses, we reverse and remand for further proceedings as to the affirmative defenses of disclaimer of warranty, breach of contract, and discharge. In all other respects, the judgment of the trial court is affirmed.

131459F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SANTANDER CONSUMER USA, INC.,
Appellant

No. 05-13-01459-CV       V.

PALISADES COLLECTION LLC,
Appellee

On Appeal from the 134th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-14916.
Opinion delivered by Justice Bridges.
Justices Lang and Evans participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's judgment to the extent it granted Palisades' traditional motion for summary judgment for accounts under the debt portfolio agreement and for accounts under the forward flow agreement sued upon before January 3, 2008. We **RENDER** judgment in favor of Santander on these claims.

We **REVERSE** and **REMAND** for further proceedings as to those accounts in the forward flow agreement sued upon after January 3, 2008.

As to the trial court's judgment granting Palisades' no evidence motion for summary judgment on Santander's affirmative defenses, we **REVERSE** and **REMAND** for further proceedings as to the affirmative defenses of disclaimer of warranty, breach of contract, and discharge. In all other respects, the judgment of the trial court is **AFFIRMED**.

The Court orders that each party bear its own cost of this appeal.

Judgment entered October 30, 2014.