**Reverse in part, render in part, and affirm in part; Opinion Filed July 18, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01176-CV

**SOUTHER EQUIPMENT SALES, INC., Appellant**
**V.**
**READY MIX SOLUTIONS, LLC, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-13869**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Stoddart
Opinion by Justice Myers

This case involves competing claims for breach of contract concerning the sale of a concrete plant. The purchaser, Ready Mix Solutions, LLC, claimed the manufacturer and seller, Souther Equipment Sales, Inc., breached the contract by not refunding the deposit. Souther Equipment alleged Ready Mix breached the contract by canceling its order. After a trial before the court, the court rendered judgment in favor of Ready Mix against Souther Equipment and awarded Ready Mix damages in the amount of the deposit, $25,000. Souther Equipment brings five issues on appeal, contending (1) Ready Mix's claim was barred by limitations; (2) the trial court's judgment was against the great weight and preponderance of the evidence; (3) Ready Mix's evidence was legally insufficient because it did not deny breaching the contract or contest Souther Equipment's evidence of its labor and material costs; (4) Ready Mix presented no evidence or insufficient evidence on its claim and in defense of Souther Equipment's counterclaim; and (5) the

uncontested evidence proved Souther Equipment's counterclaim. We conclude the trial court erred by granting Ready Mix judgment on its claim because that claim was barred by the statute of limitations. We also conclude the trial court did not err by finding Souther Equipment's claim was barred by limitations. We render judgment that Ready Mix take nothing on its claim against Souther Equipment, and we otherwise affirm the trial court's judgment.

## BACKGROUND

Beginning in 2008, Ready Mix ordered five RR-10 Portable Batch Plants from Souther Equipment for resale in Venezuela. Ready Mix received and paid for the first four plants. Ready Mix ordered the fifth plant in April 2009. The cost of the plant was $130,000, and Ready Mix made a $25,000 deposit for the plant. In June or July 2009, Ready Mix canceled the order for the fifth plant. Ready Mix's general purchasing manager, Alberto Bracho, testified he called Russell Brewster at Souther Equipment when the order was canceled and demanded the return of the $25,000 deposit. Bracho testified Brewster "said that they didn't have the cash flow at that time, but as soon as they got the cash flow, that he would refund it." Bracho continued to call Brewster once or twice a month, and Brewster gave the same answer. On November 30, 2010, Ready Mix's other purchasing agent, Gloria Guadarrama, sent Brewster an e-mail asking for the return of the deposit. Brewster responded the next day, December 1, 2010, "Is business that bad or are you buying another brand of plant? We have started components for plant already." On May 3, 2013, Bracho sent an e-mail to Brewster again demanding the return of the deposit and rejecting Brewster's offer to use the $25,000 as a deposit on another RR-10 plant, which was now priced at $157,500. Brewster responded, "All we can do is go forward with the batch plant."

Ready Mix filed suit on November 26, 2014 for the return of the $25,000 deposit. Souther Equipment answered, raising the statute of limitations amongst other defenses. Souther Equipment

also asserted a counterclaim, alleging Ready Mix breached the contract by canceling the order. Ready Mix's answer to Souther Equipment's counterclaim asserted the statute of limitations.

The parties tried the case to the court, which found for Ready Mix and awarded it damages of $25,000 plus attorney's fees. The court also ordered that Souther Equipment take nothing on its counterclaim. The trial court made findings of fact and conclusions of law, including that Ready Mix's claim was not barred by limitations and that Souther Equipment's claim was barred by limitations.

## STATUTE OF LIMITATIONS

In its first issue, Souther Equipment contends Ready Mix's suit was barred by the statute of limitations. In its fifth issue, Souther Equipment asserts it proved its counterclaim as a matter of law.

### Waiver

Ready Mix argues Souther Equipment waived its affirmative defense of limitations because its request for findings of fact and conclusions of law was a generic one and Souther Equipment did not request specific findings on limitations, citing *Intec Systems, Inc. v. Lowrey*, 230 S.W.3d 913, 918 (Tex. App.—Dallas 2007, no pet.). In that case, Intec asserted the defense of modification of the contract. Intec lost at trial, and it filed a generic request for findings of fact and conclusions of law. The trial court's findings and conclusions did not address Intec's defense, and Intec did not request specific findings and conclusions on its defense. Therefore, we concluded Intec had not preserved its modification defense. *Id.*

In this case, after Souther Equipment lost at trial, it filed a motion for new trial and a request for findings of fact and conclusions of law. The trial court's findings of fact and conclusions of law included findings and conclusions relevant to the limitations defense, including two findings of fact that Ready-Mix asserts establish the accrual date of its cause of action, and the conclusion

–3–

of law that "Plaintiff's [Ready Mix's] claims are not barred by the statute of limitations." Therefore, *Intec* is distinguishable, and Souther Equipment's limitations defense was preserved for appellate review.

**Application of the Statute of Limitations**

Section 16.004 of the Civil Practice and Remedies Code provides, "A person must bring suit on the following actions not later than four years after the day the cause of action accrues: . . . (3) debt . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(a)(3) (West 2002). Ready Mix filed suit on November 26, 2014; therefore, for limitations not to bar Ready Mix's suit, Ready Mix's cause of action must have accrued on or after November 26, 2010. Souther Equipment filed its counterclaim on June 16, 2015; therefore, for limitations not to bar Souther Equipment's suit, its cause of action must have accrued on or after June 16, 2011.

"Unless an accrual date is prescribed by statute, "'[c]auses of action accrue and statutes of limitations begin to run when facts come into existence that authorize a claimant to seek a judicial remedy.'" *Valdez v. Hollenbeck*, 465 S.W.3d 217, 229 (Tex. 2015) (quoting *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011)). "Thus, a cause of action generally accrues when a wrongful act causes some legal injury even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Id.* "When a cause of action accrues is typically a question of law." *Id.*

A claim for breach of contract accrues when the contract is breached. *Cosgrove v. Cade*, 468 S.W.3d 32, 39 (Tex. 2015). A breach occurs when a party fails or refuses to do something it has promised to do. *Santander Consumer USA, Inc. v. Palisades Collection, LLC*, 445 S.W.3d 902, 906 (Tex. App.—Dallas 2014, pet. denied).

*Ready Mix's Cause of Action*

Ready Mix's theory of the case was that the parties' agreement for the purchase and sale of the plant included an implied provision that Ready Mix's $25,000 deposit would be refunded if Ready Mix canceled the order.

Souther Equipment asserts Ready Mix's cause of action accrued in 2009 when it failed to refund the deposit. The parties stipulated to certain facts at trial, including the following:

> 3. Agents of Ready Mix Solutions, LLC [canceled] the order in June or July of 2009 and, also in 2009 and several times thereafter, made demands for refund of deposit.

> 4. Defendant did not refund the $25,000 deposit that is the subject of this suit. Defendant has kept the $25,000.

Additionally, the trial court made the following findings of fact:

> 10. Plaintiff canceled the order in approximately June or July, 2009.

> . . . .

> 12. Upon canceling, Plaintiff promptly requested that the $25,000 deposit be refunded.

Ready Mix asserts its cause of action accrued on May 3, 2013 based on two findings of fact by the trial court:

> 15. The first time that Defendant gave any indication to Plaintiff that the refund would not be given was an email dated May 3, 2013. Even this email did not directly say the refund would not be given. It implied it by saying all Defendant could do is go forward with the batch plant (at a higher price). Plaintiff filed suit within four years after Defendant breached the obligation to refund the deposit.

> . . . .

> 20. Plaintiff made many efforts by phone calls and personal visits to obtain payment and believed the payment would be made. It was only after the May 3, 2013 email from Russell Brewster to Alberto Bracho that Plaintiff came to understand that the refund would not be given.

In this case, the undisputed facts are that, if the deposit was refundable, it was due in 2009 when Ready Mix canceled the order and demanded the return of the deposit, and Souther

Equipment did not refund the deposit. At that moment, Souther Equipment failed or refused to do something it had allegedly promised to do, and Ready Mix's breach-of-contract cause of action accrued. The next question is whether that accrual was delayed or limitations was tolled.

The supreme court has recognized two doctrines that may delay accrual or toll limitations: the discovery rule and fraudulent concealment. *Valdez*, 465 S.W.3d at 229. "The discovery rule applies on a categorical basis to injuries that are both inherently undiscoverable and objectively verifiable." "An injury is inherently undiscoverable if by its nature, it is 'unlikely to be discovered within the prescribed limitations period despite due diligence.'" *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 930 (Tex. 2011) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 7 (Tex. 1996)). In breach-of-contract cases, the statute of limitations begins to run from the time of the breach or from the time the plaintiff knew or should have known of the breach, whichever is later. *Enterprise-Laredo Assocs. v. Hachar's, Inc.*, 839 S.W.2d 822, 837 (Tex. App.—San Antonio 1992), *writ denied per curiam*, 843 S.W.2d 476 (Tex. 1992) (per curiam). In this case, the injury was not inherently undiscoverable. Ready Mix's injury was its failure to receive the refund of the deposit upon demand after canceling the order. That injury occurred in 2009 when Souther Equipment failed to refund the deposit at that time because it did not have the cash flow. Bracho knew the injury occurred at that point because he made repeated demands for the refund. The fact that Souther Equipment may have promised to pay the money at a future indefinite date—when it had the cash flow—does not change the fact that Ready Mix's injury occurred at the moment it did not receive the refund of the deposit as it demanded. Ready Mix was aware of the injury because Brewster told Bracho that Souther Equipment would not refund the deposit at that time. Therefore, the discovery rule did not delay accrual of Ready Mix's cause of action.

The second doctrine, fraudulent concealment, "is a fact-specific equitable doctrine that tolls limitations until the fraud is discovered or could have been discovered with reasonable diligence."

*Valdez*, 465 S.W.3d at 229. Fraudulent concealment occurs "[w]hen a defendant is under a duty to make a disclosure but conceals the existence of a cause of action from the party to whom it belongs." *Id.* In that situation, "the defendant is estopped from relying on the defense of limitations until the party learns of the right of action or should reasonably have discovered it." *Id.* at 229–30. In this case, there was no concealment of the cause of action. In 2009, Ready Mix demanded the return of the deposit, and Souther Equipment failed to return the deposit at that time because it "didn't have the cash flow at that time." We conclude the doctrine of fraudulent concealment does not apply to this case.

Ready Mix argues that the parties might have agreed to change the refund terms or that their course of dealing and industry custom could control. However, there is no evidence that the parties' course of dealing or evidence of industry custom would have made the refund of the deposit due at any time after Ready Mix's demand for the refund. The parties had no course of dealing concerning deposit refunds because Ready Mix had never before demanded a refund of a deposit from Souther Equipment, and no evidence of industry custom showed the refund would be due at any time other than on demand following cancelation of the order. Nor is there any evidence that the parties changed the agreement to provide the refund of the deposit would be due at a time other than on demand.

Ready Mix also argues the contract was breached each time Souther Equipment failed to pay on demand. Some of those demands and failures to pay occurred within four years of the suit, and Ready Mix asserts that made its suit timely. We disagree. The breach causing Ready Mix's injury occurred in 2009, the first time Ready Mix demanded and Souther Equipment failed to refund the security deposit. There was no new injury with each subsequent demand. *See Tho Q. Pham v. Carrier*, No. 07-15-00031-CV, 2017 WL 1291660, at *4 (Tex. App.—Amarillo Apr. 3, 2017, no pet.) (mem. op.) ("[T]he mere continuation of damages after a wrongful act does not

–7–

prevent the running of limitations."); *Rogers v. Ardella Veigel Inter Vivos Tr. No. 2*, 162 S.W.3d 281, 290 (Tex. App.—Amarillo 2005, pet. denied) ("[C]are must be taken to distinguish between 1) repeated injury proximately caused by repetitive wrongful or tortuous acts and 2) continuing injury arising from one wrongful act. While the former evinces a continuing tort, the latter does not."). We conclude Ready Mix's subsequent demands for return of the deposit did not establish a new accrual date.

Ready Mix appears to argue that Souther Equipment's conduct constituted an acknowledgment and extension of the debt. However, for an oral acknowledgment of a debt to be sued upon, the acknowledgment must include a date certain for when the debt is due. *See Manandhar v. Jamshed*, No. 02-11-00027-CV, 2011 WL 3835980, at *4 (Tex. App.—Fort Worth Aug. 31, 2011, no pet.) (mem. op.) (debtor's statement that he would repay debt "as soon as he had the money to do it" did not change the accrual date). Or, if there is no date certain, then "certainty suffices if the event is certain to which postponement is granted." *Maceo v. Doig*, 558 S.W.2d 117, 120 (Tex. Civ. App.—Austin 1977, writ ref'd n.r.e.) (promise to pay "within a few months, 'in the summer'" was sufficiently specific for extension of payment date for debt). In this case, the evidence was that Souther Equipment stated it would refund the deposit in the future "as soon as they got the cash flow." This is not a date certain, nor is it an event certain. We conclude there was no extension of the due date for refunding the deposit.

Also, any oral agreement to extend the payment date for a debt must be supported by consideration. *Manandhar*, 2011 WL 3835980, at *4; *Gardner v. Cummings*, No. 14-04-01074, 2006 WL 2403299, at *4 (Tex. App.—Houston [14th Dist.] Aug. 22, 2006, pet. denied) (mem. op.). "[C]ourts have found no consideration when no interest is due." *Id.* In this case, no party testified that the deposit agreement required Souther Equipment to pay interest on the deposit. We

conclude the record contains no evidence that any oral agreement to extend the payment date of the deposit was supported by consideration.

Ready Mix's cause of action for return of the deposit accrued when Ready Mix demanded the return of the deposit and Souther Equipment refused, which occurred in 2009. Ready Mix did not file suit until 2014, which was more than four years after the cause of action accrued. Therefore, the cause of action was barred by limitations. We conclude the trial court erred by determining that Ready Mix's cause of action was not barred by the statute of limitations. We sustain Souther Equipment's first issue.

<em>Souther Equipment's Cause of Action</em>

Souther Equipment argues in its fifth issue that the trial court erred by not rendering judgment for it on its counterclaim because the uncontested evidence proved its counterclaim. The trial court concluded that Souther Equipment's counterclaim was barred by the statute of limitations.

Souther Equipment alleged Ready Mix breached the contract to purchase the plant "by failing to purchase the plant within a timely manner." The breach occurred when Ready Mix canceled the order, which occurred in 2009. Souther Equipment did not file suit on its claim until it filed its counterclaim on June 16, 2015, which was more than four years after the breach.

Souther Equipment's appellant's brief contains no argument asserting the trial court erred by determining its claim was barred by limitations. However, in its reply brief, Souther Equipment asserts its cause of action is timely under section 16.069 of the Civil Practice & Remedies Code, which provides:

> (a) If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required.

–9–

(b) The counterclaim or cross claim must be filed no later than the 30th day after the date on which the party's answer is required.

CIV. PRAC. § 16.069 (West 2015). "The statute was intended to prevent a plaintiff from waiting until an adversary's valid claim arising from the same transaction was barred by limitations before asserting his own claim." *Hobbs Trailers v. J.T. Arnett Grain Co.*, 560 S.W.2d 85, 88–89 (Tex. 1977).

We do not consider issues raised for the first time in an appellant's reply brief. *Dao v. Garcia*, 486 S.W.3d 618, 622 n.2 (Tex. App.—Dallas 2016, pet. denied). Furthermore, Souther Equipment failed to plead this theory of avoidance of the application of the statute of limitations in the trial court. *See Santander v. Palisades*, 447 S.W.3d 902, 907 (Tex. App.—Dallas 2014, pet. denied) (citing *Cole v. McWillie*, No. 11-12-00265-CV, 2014 WL 4347844, at *6 (Tex. App.—Eastland Aug. 29, 2014, no pet.) (mem. op.)). This argument is not preserved for appellate review.

We conclude Souther Equipment has not shown the trial court erred by determining the counterclaim was barred by the statute of limitations. We overrule Souther Equipment's fifth issue.

Having sustained Souther Equipment's first issue and overruled its fifth issue, we need not address its second, third, and fourth issues.

## CONCLUSION

We reverse the trial court's judgment in part and render judgment that Ready Mix take nothing on its claim against Souther Equipment, and we affirm the judgment in all other respects.


171176F.P05

/Lana Myers/
LANA MYERS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SOUTHER EQUIPMENT SALES, INC.,
Appellant

No. 05-17-01176-CV        V.

READY MIX SOLUTIONS, LLC,
Appellee

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-13869.
Opinion delivered by Justice Myers.
Justices Lang and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED IN PART** and judgment is **RENDERED** that appellee Ready Mix Solutions, LLC **TAKE NOTHING** on its claims against appellant Souther Equipment Sales, Inc. In all other respects, the trial court's judgment is **AFFIRMED**.

We **ORDER** that appellant Souther Equipment Sales, Inc. recover its costs of this appeal from appellee Ready Mix Solutions, LLC.

Judgment entered this 18th day of July, 2018.