**REVERSE and RENDER in Part, and AFFIRM in Part; Opinion Filed December 10, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01195-CV

## SHAIBAL CHAKRABARTY, Appellant
## V.

## DEEPA GANGULY, Appellee

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-51665-2011**

# MEMORANDUM OPINION
Before Justices Francis, Schenck, and Richter[1]
Opinion by Justice Schenck

Shaibal Chakrabarty appeals from an order of enforcement of property division, contractual alimony and modification of health insurance provisions. In his first issue, Chakrabarty urges portions of Deepa Ganguly's motion for enforcement requested enforcement of the division of tangible personal property, a request that he maintains was barred by limitations. In his second issue, Chakrabarty argues the trial court erred by modifying the property division set forth in the divorce decree between the parties. We reverse the portions of the trial court's order awarding funds to Ganguly as an enforcement of division of tangible personal property; render judgment denying Ganguly's requests for enforcement of division of tangible personal property as barred by

---

[1] The Hon. Martin Richter, Justice, Assigned.

limitations; and otherwise affirm the trial court's order. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Chakrabarty and Ganguly were married and had two children. In 2012, the trial court signed an agreed final decree of divorce (Divorce Decree). In 2016, Ganguly filed a motion for enforcement, seeking to enforce provisions of the Divorce Decree. She also filed an original petition for breach of alimony contract, alleging Chakrabarty had failed to pay alimony installments ordered in the Divorce Decree.

After conducting a bench trial, the trial court signed an order of enforcement that ordered Chakrabarty to (1) make payments to Ganguly to satisfy the funds transfer requirements under the Divorce Decree, (2) make payments to Ganguly for unpaid contractual alimony payments, (3) provide health insurance for the parties' children and reimburse Ganguly for health insurance premiums she had paid, (4) add Ganguly's name to the custodial accounts for the children, and (5) pay $10,000 in attorney's fees to Ganguly's attorney.[2] Chakrabarty timely appealed the order of enforcement.

## DISCUSSION

In his first issue, Chakrabarty urges portions of the order of enforcement are barred by the statute of limitations set forth in section 9.003(a) of the family code. Specifically, he challenges the portion enforcing the award to Ganguly of "funds as ordered by the Court in the Agreed Decree of Divorce . . . ."[3] Section 9.003 of the family code provides that a suit to enforce the division of

---

[2] Chakrabarty filed an untimely request for findings of fact and conclusions of law, which the trial court did not grant, and a motion for new trial, which was overruled by operation of law.

[3] In the order of enforcement, the trial court found Chakrabarty failed to divide or deliver the following funds, and generally ordered him to make payments to Ganguly to satisfy those amounts:

1. 223,858.50 rupees from the INC account;

2. $667.31 from the Fidelity Investments account;

tangible personal property in existence at the time of the decree of divorce or annulment must be filed before the second anniversary of the date the decree was signed or becomes final after appeal, whichever date is later, or the suit is barred. *See* TEX. FAM. CODE ANN. § 9.003(a). The record reflects Ganguly filed her motion for enforcement nearly four years after the Divorce Decree was signed. In her brief, she denies her claims for the funds are time-barred because she urges that the funds are not "tangible personal property."[4]

In *Long v. Long*, this Court held that a claim to enforce a requirement under a divorce decree for the husband to "deliver one-half the sums in his Ameritrade . . . and Dallas Telco Federal Credit Union accounts as well as half the stock in Cap Rock . . ." was against tangible personal property such that it was subject to the two-year statute of limitations under section 9.003(a). *See* 196 S.W.3d 460, 467–68 (Tex. App.—Dallas 2006, no pet.). We may not overrule a prior panel decision of this Court. *See MobileVision Imaging Services, L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 566 (Tex. App.—Dallas 2008, no pet.). Thus, barring reconsideration by the Court sitting en banc or an intervening decision by the supreme court, *Long* controls the disposition of this issue. *See id.*; *Long*, 196 S.W.3d at 467–68.

We therefore sustain Chakrabarty's first issue.

In his second issue, Chakrabarty argues the trial court erred by modifying the property division set forth in the divorce decree between the parties. In that issue, he challenges the same

---

3. $27,196.00 from the Merril Lynch Online IIA account;

4. $25,525.00 from the TD Ameritrade account.

[4] In a post-submission letter to this Court, Ganguly offered two more arguments why this Court should affirm the order of enforcement. First, she urges that her motion for enforcement should be treated as a motion for turnover of property since the Divorce Decree contained the provision that "[t]his decree shall serve as a muniment of title to transfer ownership of all property awarded to any party in this Final Decree of Divorce" and thus immediately vested Ganguly with title of the property at issue. Second, Ganguly maintains that this case is different from other cases addressing section 9.003 because both parties signed the Divorce Decree as "approved and consented to as both form and substance." She argues that that distinction means her motion for enforcement was in actuality an action seeking specific performance, damages, or both for Chakrabarty's breach of the parties' agreement (the Divorce Decree), and that as such, her suit would be subject to the four-year statute of limitations applicable to breach of contract actions. *See Santander Consumer USA, Inc. v. Palisades Collection, LLC*, 447 S.W.3d 902, 906 (Tex. App.—Dallas 2014, pet. denied). However, Ganguly failed to raise either of this arguments in her initial briefing or at the trial court below. *See St. John Missionary Baptist Church v. Flakes*, 547 S.W.3d 311, 313 (Tex. App.—Dallas 2018, pet. filed).

portions of the order of enforcement that he challenged in his first issue. As we have already sustained his first issue on limitations, we need not address his second issue. *See* TEX. R. APP. P. 47.4.

## CONCLUSION

We reverse the portions of the trial court's order awarding funds to Ganguly as an enforcement of division of tangible personal property; render judgment denying Ganguly's requests for enforcement of division of tangible personal property as barred by limitations; and otherwise affirm the remaining portions of the trial court's order.

/David J. Schenck/
_____
DAVID J. SCHENCK
JUSTICE

171195F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHAIBAL CHAKRABARTY, Appellant

No. 05-17-01195-CV      V.

DEEPA GANGULY, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas
Trial Court Cause No. 401-51665-2011.
Opinion delivered by Justice Schenck, Justices Francis and Richter participating.

In accordance with this Court's opinion of this date, we **REVERSE** the portions of the trial court's order awarding funds to DEEPA GANGULY as an enforcement of division of tangible personal property; **RENDER** judgment denying DEEPA GANGULY'S requests for enforcement of division of tangible personal property as barred by limitations; and otherwise **AFFIRM** the trial court's order.

It is **ORDERED** that appellant SHAIBAL CHAKRABARTY recover his costs of this appeal from appellee DEEPA GANGULY.

Judgment entered this 10th day of December, 2018.